PER CURIAM.
This is an appeal from a declaratory decree setting aside certain action of the chief of police, civil service board and city manager of the City of Miami which had resulted in dismissal of the appellee, a detective captain.
 The dismissal of the appellee was reviewed by the circuit court in a mandamus action brought by him. The mandamus was disposed of on the merits by an order quashing the alternative writ with prejudice. That decision of the circuit court was affirmed by this court in May 1958. See State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403. More than six months thereafter, in December of 1958, the appellee Chester S. Eldredge filed this suit for declaratory decree in the circuit court against the City of Miami, its city manager, chief of police and the members of the civil service board.
The judgment appealed from must be reversed. The propriety and legality of the dismissal of the appellee were reviewed and litigated in the mandamus action. Cf. Hammond v. Curry, 153 Fla. 245, 14 So.2d 390; City of Miami v. Huttoe, Fla.1949, 38 So.2d 819. Moreover, the declaratory decree statute (ch. 87, Fla.Stat., F.S.A.) is no substitute for established procedure for appeal or review of decisions of judicial tribunals or of boards or administrative officials exercising judicial or quasi-judicial powers. See DeMarigny v. DeMarigny, Fla.1949, 43 So.2d 442; Florida Hotel and Restaurant Commission v. Marseilles Hotel Co., Fla.1956, 84 So.2d 567; Frix v. Beck, Fla.App.1958, 104 So.2d 81; City of North Miami Beach v. Bernay, Fla.App.1960, 117 So.2d 863; Colby v. Colby, Fla.App.1960, 120 So.2d 797; Stahl v. Wilson, Fla.App.1960, 121 So.2d 662.
Reversed.
PEARSON, Acting C. J., CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.