WHITE, Judge.
The appellants are former employees of the City of Tampa who have appealed an order of the trial court dismissing without prejudice their complaint under the Declaratory Judgment Act, Florida Statutes, Sections 87.01 and 87.02, F.S.A., by which they sought a decree construing the Tampa Police and Firemen’s Pension Act, Chapter 21590, Laws of Florida, Special Acts of 1941, and directing the Board of Trustees of the Pension Fund to retire them with “line-of-duty” disability pensions. The appellants hereafter will be designated as plaintiffs and the appellees as defendants.
Kenneth Teston was retired from the Tampa Fire Department in February, I960 after thirty-three years of service and R. O. Lee was retired about the same time after fifteen years with the Tampa Police Department. Both employees had become permanently disabled and were eligible for pensions. Teston’s disability arose from coronary artery disease while Lee’s disability was a sclerotic condition of the heart. Each employee became entitled to either a flat 65% of his retirement date salary or 2% of his retirement date salary for each year of service with a maximum of 50%, depending upon whether or not his disability arose from his employment.
Teston and Lee applied to the Board of Trustees of the Pension Fund for line-of-duty pensions of 65% and the Board initially favored their classification for line-of-duty retirement despite the recommendations of its Medical Board to the contrary. The Board of Trustees consulted the City Attorney of tire City of Tampa as to whether or not it had discretion to grant one class of pension or the other, or whether it must follow the recommendations of its Medical Board. The Board of Trustees was advised to follow the opinions of the Medical Board and Teston and Lee were retired with nonservice-connected disability pensions.
Teston and Lee filed their complaint in the Circuit Court for Hillsborough County seeking a ruling contrary to the opinion of the city attorney and adjudging the plaintiffs entitled to service-connected benefits in view of their disabilities and the statutory provisions with reference to the pension system. The defendant officials moved to dismiss the complaint and the plaintiffs filed a motion for summary final decree which came on for hearing on affidavits and answers to interrogatories. The plaintiffs, in support of their motion for summary decree, offered medical opinion which disagreed with that of the Medical Board. The motions were considered on briefs submitted by respective counsel, whereupon *595 the court granted the defendants’ motion to dismiss the complaint. This appeal ensued.
Under Section 5 of the Pension Act the duties of general administration and responsibility for the proper operation of the pension system are vested in a nine member Board of Trustees. Under Section 14 of the Act the Board of Trustees are required to designate a Medical Board of three physicians who shall pass upon all medical examinations and shall report in writing to the Board of Trustees its conclusions and recommendations upon all matters referred to it.
The plaintiffs contend on appeal that a proper construction of the foregoing provisions of the Pension Act would justify the Board of Trustees in their first inclination to award the plaintiffs line-of-duty pensions inasmuch as the act gives the Medical Board merely an advisory role while the ultimate decision as to the classification of pensions is solely within the province of the Board of Trustees. The plaintiffs urge the propriety of the declaratory judgment procedure to obtain such judicial construction and consequent implementation of rights. The defendants insist to the contrary that plaintiffs have attempted what amounts to an improper method of appellate review, and we agree that the decisive question before us is whether or not the plaintiffs have pursued proper procedure in resorting to the Declaratory Judgment Act.
The Supreme Court of Florida has held that the Declaratory Judgment Act is not a substitute for established procedure for the review of final judgments or decrees and can not be used as a device for collateral attack thereon; that although the act provides means of obtaining judicial declarations of right in certain circumstances, it does not enable a person to secure a determination as to whether rights previously adjudicated have been properly resolved. DeMarigny v. DeMarigny, et al. Fla.1949, 43 So.2d 442.
The case of Frix v. Beck, Fla.App.1958, 104 So.2d 81, 83, arose out of a workmen’s compensation proceeding in which the deputy commissioner assessed a penalty and allowed additional attorney’s fees on a further hearing after a petition for certiorari on the original issues had been denied by the Supreme Court. The supplemental order of the deputy commissioner was attacked by a complaint for declaratory decree rather than by appeal pursuant to statute. The determinative question was whether or not jurisdiction under the Declaratory Judgment Act included suits for review of judgments of other courts or tribunals with respect to which other means of review had been provided. In affirming the circuit court’s dismissal of the complaint the Third District Court of Appeal said:
“Where provision is made by law for the decision of a court or tribunal to be reviewed on appeal, and the procedure thus afforded is not availed of, a party adversely affected by such an order may not seek to have it altered or reversed by a suit for declaratory decree. No Florida decision has been cited to us on this point but the question appears to be well settled. (Citations.) We see no reason why this rule should not be applied with equal force to orders of an administrative board made in the exercise of its authorized quasi-judicial powers, for which appellate review is provided but not ptir-sued.” (Emphasis added.)
With respect to the method of review of the ruling of the Board of Trustees in the instant case, attention is directed to Section 15 of the Tampa Police and Firemens Act which provides in part as follows:
“On compulsory retirement of a member * * * any such retired member shall have the right to appeal against such retirement by the Board of Trustees by appealing to a Court of Proper Jurisdiction * * ”
and to Florida Statutes, Section 59.01(2), F.S.A.:
*596 “This chapter shall also be applicable :
“(a) As a uniform alternative method of taking appeals from orders of state boards, commissions, and other bodies, where appeals from such orders are permitted by law; and,
“(b) To appeals from inferior courts, to courts other than the supreme court.”
and to Florida Statutes, Section 59.01 (10), F.S.A.:
“The provisions of this chapter shall extend to appeals from state boards, commissions, and other bodies, and the following words, except where the context otherwise required, shall be construed as follows:
“(a) “Trial court” or words of similar import conclude the state board, commission or other body from which an appeal may be taken; and, * * * ”
It is urged on behalf of the plaintiffs that the case of Title & Trust Company v. Title Guaranty and Abstract Company, Fla.App.1958, 103 So.2d 211, is determinative of the instant case and justifies plaintiffs' resort to the declaratory relief procedure. The cases are clearly distinguishable. In the Title & Trust Company case a justiciable issue of construction was presented directly to the court for adjudication, whereas in the present case the plaintiffs’ claims have already been decided quasi-judicially by the Board of Trustees and, as indicated, a method of appellate review is provided by which pertinent questions of law and fact may be resolved.
We here note with approval the comment of the able trial judge in his order of dismissal wherein he said in effect that to grant the relief prayed by the plaintiffs would require that court to reverse the action taken by the Board and to retry the case, and that it was well settled that the Declaratory Judgment Act can not be. used to review the action of another court or board nor to attack such action collaterally.
The conclusion is that the instant complaint was not sufficient to support a declaratory decree construing the Pension Act in this case with respect to the powers and responsibilities of the Board of Trustees in classifying the pensions to which plaintiffs may be entitled. If there are flaws in the structure of the Tampa pension system or inequities in its administration, we venture to suggest that these are matters for legislative treatment and internal administration.
We find no error in the order dismissing the complaint.
Affirmed.
SHANNON, C. J., and KANNER, J., concur.