143 So.2d 828 (1962)
CAROL CITY UTILITIES, INC., a Florida Corporation, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida; Thomas F. Carney, James C. Edgerton, Bernard Janis, William J.H. Taylor and Sam Weissel, Each Individually and As a Claimant to the Office of, Member of an As to the Persons Collectively Purporting to Constitute and Act As the "Metropolitan Dade County Water and Sewer Board"; and the Board of Public Instruction of Dade County, Florida, a Body Corporate Incorporated by Act of the Legislature of the State of Florida, Appellees.
No. 62-229.
District Court of Appeal of Florida. Third District.
August 14, 1962.
Rehearing Denied September 11, 1962.
*829 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and James Knight, Miami, for appellant.
Darrey A. Davis, County Atty., and Thomas C. Britton, Asst. County Atty., Bolles & Prunty and Peter Nimkoff, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., HORTON, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
PEARSON, TILLMAN, Chief Judge.
This is an appeal by Carol City Utilities, Inc. whose complaint seeking a declaratory decree was dismissed in the circuit court. The appeal was first lodged in the Supreme Court of Florida upon the jurisdictional basis that the decree necessarily passed upon the validity of certain State statutes because the plaintiff had asked the circuit court to declare the statutes unconstitutional. The Supreme Court declined to accept jurisdiction and transferred the appeal to this court.
We are presented with the question as to whether declaratory relief was available to this plaintiff under the allegations of its complaint. As to this question the trial judge stated:
"The suit seeks a declaratory decree or judgment as to the validity, scope and effect of an order on rate complaint (Exhibit # 4, attached to the complaint) of the Dade County Water and Sewer Board and, incident thereto, a declaration as to the validity and construction of certain designated sections of the Home Rule Charter, as well as certain ordinances and resolutions of the Metropolitan Dade County Commission (all of which are attached to the complaint as exhibits).
* * * * * *
"The plaintiff is unhappy with the order and urges its invalidity on several grounds; most, if not all, of which involve a judicial construction (or determination of validity) of the Charter provisions, statutes, ordinances, resolutions, and other indicia of governmental action, referred to in plaintiff's complaint. However, and this is most important, it is still an action to review an order of an administrative agency acting in a "quasi-judicial capacity".
We affirm upon authority of the rule stated in Frix v. Beck, Fla.App. 1958, 104 So.2d 81, 83; Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417, 421; City of Miami v. Eldredge, Fla.App. 1961, 126 So.2d 169, 170; Teston v. City of Tampa, Fla.App. 1961, 133 So.2d 593, 595.
The appellant relies heavily upon the opinion in the case of Wood v. Twin Lakes Mobile Homes Village, Inc., Fla.App. 1960, 123 So.2d 738. We believe that this opinion lays down a rule which is not applicable to the instant appeal. The holding in Wood v. Twin Lakes Mobile Homes Village is that although a plaintiff is ordinarily required to exhaust its administrative remedies prior to seeking relief in the courts from administrative orders, that requirement will not prevent recourse to the courts for the purpose of challenging the validity of the entire order. It is apparent that the reason behind this holding is that one need not do a useless thing, i.e., participate in a void proceeding.
The principle is not applicable in the instant case because here the plaintiff sought to use the declaratory decree statute as a substitute for certiorari in order to review an administrative order. Under such circumstances, certiorari is the sole remedy available and there is no question of the exhaustion of administrative remedies.
Affirmed.