### STATE ex rel. GRONER v. CITY OF MIAMI, et al.

No. 63-L-1563.

Circuit Court, Dade County.

October 4, 1963.

Joseph J. Gersten, Miami, for the relator.

Robert D. Zahner, Miami City Attorney, for the respondents.

ROBERT H. ANDERSON, Circuit Judge.

This case has had a checkered career. It was commenced by petition for declaratory decree against Wendell Bailey, as chairman of the retirement board and as finance director of the City of Miami, M. L. Reese as city manager, and A. Forger as secretary of the board.

The court granted a motion to dismiss upon the ground that the mayor was not made a party defendant as mandatorily required by the statute. The plaintiff amended and made the mayor a party. The court then granted a motion to dismiss upon the authority of City of Miami v. Eldredge, 126 So.2d 169.

Then the plaintiff had the case transferred to the law side and petitioned for an alternative writ of mandamus to compel the city, the mayor and chairman of the retirement board and finance director and the secretary of the retirement board to award him a disability pension as provided by the ordinances of the city.

The court granted the peremptory writ and ordered the city to pay the plaintiff the pension.

At the hearing it appeared that the city, in denying the plaintiff's claim for pension, overruled the retirement board and sustained the chairman on the advice of the city attorney.

The retirement board, by a vote of 4 to 3, allowed the relator's claim for pension but the chairman of the board, who is the finance director of the city, refused to recognize the action of the board and disallowed the pension, hence this suit.

The court agrees with the chairman of the retirement board, but the trouble is, he had no authority to overrule the board. The court also agrees with the city attorney, but the trouble again is, he had no authority to back up the chairman of the retirement board in his overruling the board, nor did he have any authority to advise the city not to recognize the petitioner's rights and not to pay the pension.

The position of the court in this matter is simply this — The city provided for a pension board, authorizing it to allow or disallow the relator's pension. The pension board, by a vote of 4 to 3, allowed the relator's pension, which it was authorized to do. The chairman of the retirement board disagreed and notwithstanding the board's action, refused to pay the pension.

Personally, the court feels that the chairman was right, but the court has no authority to uphold him in his position. It feels that the city attorney was right, but it has no authority to uphold

him in his position. The pension was allowed in the manner prescribed by law. If the city does not wish to recognize it, the law should be changed. The court has no authority to change it and neither did the chairman of the retirement board. The petition for rehearing is therefore denied.