## 6345 COLLINS AVENUE, Inc. v. CITY OF MIAMI BEACH, et al.
### No. 67-13177.

Circuit Court, Dade County.

December 7, 1967.

James A. Horland, Hialeah, for the plaintiff.

Phillip Goldman of Scott, McCarthy, Steel, Hector & Davis, Miami, for the defendant Sinclair Refining Co.

Ira M. Elegant, Assistant City Attorney, for the defendant City of Miami Beach.

HAL P. DEKLE, Circuit Judge.

This cause came on duly for hearing on defendants' motion to dismiss, and after argument of counsel and due consideration, it is ordered that defendants' motion to dismiss be, and the same is, hereby granted, and this cause is hereby dismissed.

The ground alone of failure to allege special damages peculiar to the plaintiff, which is different in kind from that of other affected landowners, is a valid ground for dismissal, Boucher v. Novotny, Fla. 1958, 102 So.2d 132, but fatal is the attempt to proceed herein by way of appeal, rather than by certiorari, as required by present Rule of Civil Procedure 1.640, to be taken within 60 days (formerly by statute) where the appeal, as here, is from a quasi-judicial body (city council). Testa v. City of Tampa, Fla. 1962, 143 So.2d 473; Carol City Util. v. Dade County, Fla. App. 3; 1962, 143 So.2d 828.

Plaintiff's case of Thompson v. City of Miami, Fla. 1964, 167 So.2d 841, 843, is an interesting approach which might allow for a regular appeal as taken and by way of injunction as here sought, except for the fact that the predicate for that case, to allow for injunction, rather than by certiorari, is not here present. In that case there was an attack on the validity of the ordinance in question as void as to plaintiff's property; here the attack is in the usual manner, upon the ruling itself, by the city council, on request for variance, and there appears no route to travel except by certiorari in such case.