225 So.2d 423 (1969)
Nolan ADAMS, Appellant,
v.
The BOARD OF PUBLIC INSTRUCTION OF OKALOOSA COUNTY, Florida, a Body Corporate, Appellee.
No. L-129.
District Court of Appeal of Florida. First District.
July 24, 1969.
Ervin, Pennington, Varn & Jacobs, Tallahassee, and Shell, Fleming, Davis & Menge, Pensacola, for appellant.
Estergren, Fleet, Fortune & Anchors, Ft. Walton Beach, for appellee.
WIGGINTON, Judge.
Appellant seeks review of a final judgment rendered by the Circuit Court of Okaloosa County dismissing a petition for certiorari filed by appellant in that court. The petition sought review and quashal of an order rendered by the Board of Public Instruction of Okaloosa County which sustained appellant's suspension and cancelled his contract of employment as assistant principal in the public school system of that county. The judgment of dismissal was upon the ground that the court lacked jurisdiction over the subject matter of the cause.
Appellant was employed as a public school teacher by appellee Board on an annual contract for the year 1968. He was suspended by the Board for allegedly violating his contract of employment by absenting himself without leave from his position of duty at the school in which he was employed. Appellant requested and was accorded a public hearing as contemplated by F.S. Section 231.36(6), F.S.A., following which appellee Board rendered its order sustaining appellant's suspension and terminating his employment contract.
Within the time permitted by law, appellant filed in the Circuit Court of Okaloosa *424 County his petition for writ of certiorari seeking judicial review of the Board's order of suspension and termination. In response to appellee's motion the Court, acting in its appellate capacity, dismissed the petition for lack of jurisdiction. This appeal is to review the Circuit Court's judgment of dismissal.
Appellant seriously urges upon us the contention that since his employment by the Board was pursuant to an annual rather than a continuing contract of employment, his right of administrative review terminated with the order rendered by the Board and his only recourse to further review was by resort to the appropriate court of this state. With this contention we agree. A dismissed teacher has a right to further administrative reviews by the State Board of Education only in those instances in which his employment is on a continuing as distinguished from an annual contract basis.[1] In view of the fact that appellant had exhausted his administrative remedies, the only means by which the law affords him a further opportunity of review is through the vehicle of certiorari.[2]
Appellant contends that since his order of suspension and termination was rendered by a county board or agency in the performance of a quasi-judicial function, the proper forum in which he is required to seek review by certiorari is the circuit court of the county in which the board is located, which in this instance is the Circuit Court of Okaloosa County. Appellant relies in support of his position on the decision of the Third District Court of Appeal rendered in the case of Negrich v. Dade County Board of Public Instruction.[3] In Negrich a dismissed school teacher sought review of the county school board's order of dismissal by petition for writ of certiorari filed in the Circuit Court of Dade County. The decision of the Circuit Court was reviewed and affirmed by the Third District Court of Appeal. No question as to the propriety of procedure followed in that case appears to have been raised or passed upon by either of the courts considering the merits of the cause. In any event, it must be pointed out that the cause of action involved in Negrich accrued and was placed in litigation prior to the adoption by our legislature of Part III of the Administrative Procedures Act providing for judicial review of final orders or judgments rendered by state agencies in the exercise of quasi-judicial authority conferred upon them by law.[4]
In Board of Public Instruction of Duval County v. Sack[5] this court held that if review is sought of a final order rendered by a purely local governmental agency in the exercise of a quasi-judicial power, it must be by petition for writ of certiorari to the appropriate circuit court. We further held, however, that if review is sought of a final order rendered by a state agency in the exercise of a quasi-judicial power, it must be by petition for writ of certiorari to the appropriate District Court of Appeal pursuant to the provisions of the Administrative Procedures Act, F.S. § 120.30 et seq., F.S.A.
The question on which our decision must turn depends upon whether a county *425 board of public instruction is a purely local governmental agency whose quasi-judicial decisions are reviewable by the circuit court of the county involved, or is a state governmental agency whose decisions are reviewable only by the District Court of Appeal of the district in which the county is located. This question was squarely raised and decided by our Supreme Court in Board of Public Instruction of Broward County v. State ex rel. Allen[6] in which it said:
"A county school board is a part of the state system of public education, Secs. 228.041(2) and 230.03(1), Fla.Stats., F.S.A. and has been held to be a state agency for the purpose of immunity from suit. Bragg v. Board of Public Instruction of Duval County, 160 Fla. 590, 36 So.2d 222 (1948). It is also a state agency within the purview of Fla. Stats., Sec. 120.09, F.S.A.
"The District Court of Appeal was correct in holding that Fla.Stats., Sec. 120.09, F.S.A. was applicable to the County Board of Public Instruction."
The decision in Allen, supra, was followed and adopted by this court in the decision recently rendered by it in the case of Canney v. Board of Public Instruction of Alachua County.[7]
Upon the foregoing authorities we hold that the order rendered by the Board suspending appellant and terminating his employment contract was rendered by a state agency in the exercise of a quasi-judicial power, and is properly reviewable only by petition for writ of certiorari filed in this court. Appellant improvidently selected the wrong forum in which to institute his action for review of the School Board's decision when he filed his petition in the Circuit Court of Oklaloosa County. That court lacked jurisdiction over the subject matter of the cause, and was correct in refusing to further consider the matter.
Until recently the correct method of reviewing a final order rendered by a county school board has been a matter of speculation and doubt among members of the Bar as well as the courts of this state. It is therefore understandable why appellant fell into inadvertent error in selecting the forum in which to institute his action. As said by this court in the Canney case, supra:
"Our judicial system is now floundering in a quagmire of procedural uncertainties in the review of final quasi-judicial orders rendered by state agencies. The facts concerning the instant controversy disclosed in the two records before us constitute a classic example of the confusion in this area which places counsel challenging such an administrative action upon the horns of a dilemma. Such was the uncharted course of petitioner's counsel when he sought to remove his client from the impalement."
Under the circumstances reflected by this record, we must hold that the Circuit Court of Okaloosa County was correct as a matter of law in refusing to entertain jurisdiction of the petition for certiorari filed by appellant in that court. Because of the confusion and uncertainty surrounding the proper method of review in cases of this kind, we think the interest of justice will best be served by preserving, insofar as possible, appellant's right to a judicial review of the merits of his cause. Jurisdiction of this appeal is therefore temporarily relinquished and the cause remanded to the Circuit Court of Okaloosa County for that court's consideration of any motion which either party may deem advisable to file requesting an order transferring to this court the petition for writ *426 of certiorari filed therein on the ground that that court's jurisdiction was improvidently invoked.[8] Such motion, if any, shall be filed within fifteen days from the going down of our mandate, and the original record, together with the record of all supplemental proceedings had pursuant to this court's mandate, shall be transmitted to the clerk of this court within a reasonable time after final disposition is made of any motions filed pursuant to the authority granted hereby. In the event no further proceedings are had in the Circuit Court as authorized by this decision, certificate to that effect shall be filed herein by appellee after which final disposition of this appeal will be made without further hearing.
CARROLL, DONALD K., Acting C.J., and SPECTOR, J., concur.
NOTES
[1] F.S. § 231.36(6), F.S.A.

"* * * If the employee is under continuing contract, any such decision (by the county board) adverse to him may be appealed by him in writing to the state board, through the state superintendent, for review; provided such appeal is filed within thirty (30) days after the decision of the county board, and provided further that the decision of the state board shall be final as to sufficiency of the grounds for dismissal." (emphasis supplied)
[2] Board of Public Instruction of Taylor County v. State ex rel. Reaves, (Fla.App. 1964) 171 So.2d 209.
[3] Negrich v. Dade County Board of Public Instruction, (Fla.App. 1962) 143 So.2d 498.
[4] F.S. § 120.30 et seq., F.S.A.
[5] Board of Public Instruction of Duval County v. Sack, (Fla.App. 1968) 212 So.2d 819.
[6] Board of Public Instruction of Broward County v. State ex rel. Allen, (Fla. 1969) 219 So.2d 430, 432; State ex rel. Allen v. Board of Public Instruction of Broward County, (Fla.App. 1968) 214 So.2d 7.
[7] Canney v. Board of Public Instruction of Alachua County, (Fla.App. 1969) 222 So.2d 803.
[8] Rule 2.1, subd. a(5)(d), F.A.R., 32 F.S.A.

"When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction. Five days' notice of such motion or proposed action shall be given to the other parties. Notices of appeal and other papers filed prior to the transfer shall have the same force and effect as if filed in the proper court and as of the time when filed in the court from which the transfer was made."