238 So.2d 121 (1970)
Robert B. PYLE, Petitioner,
v.
WASHINGTON COUNTY SCHOOL BOARD, Respondent.
No. N-304.
District Court of Appeal of Florida, First District.
July 7, 1970.
Rehearing Denied August 14, 1970.
*122 Herbert P. Sapp, Jr., Panama City, for petitioner.
Gerald Holley, Chipley, and Barnes & Grant, Marianna, for respondent.
JOHNSON, Chief Judge.
This matter is before this court on petition for a writ of certiorari to the Washington County School Board, Washington County, Florida.
The petition seeks to have reviewed a decision of the Washington County School Board dismissing the petitioner as an instructor in the Washington County School System.
The material allegations contained in the petition are that petitioner was employed for the 1969-70 school year as a band instructor in the Chipley High School; that complaints against petitioner began coming to the principal of the school as early as October of 1969 from parents about lack of discipline and that several students requested that they be allowed to drop band. The principal discussed these matters with petitioner and suggested changes he should make in his attitudes. Then, further complaints came to the school superintendent including remarks made by petitioner in the classroom of mixed boys and girls, relating to sex and virginity and premarital sex relations.
On February 24, 1970, the Superintendent wrote Mr. Pyle a letter, setting out in considerable detail the complaints he had heard and investigated, specifically stating in the letter that the five enumerated statements of complaint were not exclusive but indicated the current status of the overall situation.
On February 26, 1970, the Superintendent wrote a further letter to the petitioner in which he advised the petitioner of his suspension, and again asserted his reasons therefor, including some specifics of matters considered involved. This letter pointed out that in the letter of February 24, the Superintendent had given the petitioner 30 days to show significant improvement in his classroom administration but that the School Board deemed the immorality charges extremely serious circumstances (warranting the suspension). The petitioner was advised that he was entitled to a public hearing if he wanted one. Pursuant thereto, a public hearing was had on March 20, 1970, approximately 30 days after the suspension, at which the petitioner was present and represented by counsel of his own choice.
Since an official court reporter was not available, it was mutually agreed that the secretary for the Superintendent would make a transcript of the proceedings, admitting that it would not be verbatim, but would correctly state the main facts. [At this point, we point out that counsel for petitioner in his brief raises as an objection the fact that an official reporter did not transcribe the proceedings. We dispose of this point in petitioner's claim by saying that such procedure was not jurisdictional and was waived by petitioner and his counsel at the trial.]
Petitioner has raised five points on appeal as follows:
1. Whether petitioner's constitutional rights, both state and federal, were violated?
2. Whether or not petitioner's right to due process and orderly procedure was violated?
3. Whether petitioner's rights, as accorded to him by the rules of professional practices committee council were violated?

*123 4. Whether the evidence, as presented, does as a matter of law, substantiate the allegations of the School Board?
5. Whether petitioner's rights as accorded to him under Florida Statutes 120.20 through 120.31, Part II of administrative adjudication procedure (new) were violated?
We quickly dispose of the first three points supra, by saying that we do not find any violation of petitioner's constitutional rights, nor of due process or his rights under the rules of professional practices. He was acquainted with his charges and given ample time to prepare his defense. If the charges were too vague or uncertain to acquaint him thereof, he had an adequate remedy at his disposal. The same holds true as to his other rights.
As to the fourth point, we think and so hold that there was sufficient competent evidence before the School Board, sitting as the trier of the facts, to support the conclusion reached by the Board both as to the incompetency of petitioner as well as to the charge of immorality. There are many factors which may have a material bearing upon the competency of the instructor, among which could be his attitude toward the students, his manner of speaking to them and his general lack of proper personality conducive to a mutual understanding. The instructor's attitude and expression on moral conduct, sex questions and such, could also affect his competency. In addition, as to the immorality charge, there was evidence of unbecoming and unnecessary risque remarks made by the petitioner in a class of mixed teenage boys and girls which we agree with the School Board were of an immoral nature. It may be that topless waitresses and entertainers are in vogue in certain areas of our country and our federal courts may try to enjoin our state courts from stopping the sale of lewd and obscene literature and the showing of obscene films, but we are still of the opinion that instructors in our schools should not be permitted to so risquely discuss sex problems in our teenage mixed classes as to cause embarrassment to the children or to invoke in them other feelings not incident to the courses of study being pursued.
As to the fifth point raised, it appears that the only deviation from the cited statute, F.S. section 120.20, etc. part II, F.S.A. was the question of stenographic reporting of the hearing. This was effectively waived by the parties at the commencement of the hearing. This case did not involve a continuing contract held by the petitioner-teacher, and therefore his administrative review terminated with the School Board and his recourse to further review was properly by resort to this court by petition for writ of certiorari.[1]
For the reasons stated supra, however, the petition for writ of certiorari is denied.
WIGGINTON and SPECTOR, JJ., concur.
NOTES
[1] Adams v. Board of Public Instruction of Okaloosa County, 225 So.2d 423 (Fla.App.1st 1969).