293 So.2d 681 (1974)
The SCHOOL BOARD OF FLAGLER COUNTY, Petitioner,
v.
Lena Marinelli Barasa HAUSER, Respondent.
No. 44551.
Supreme Court of Florida.
April 24, 1974.
Stanley D. Kupiszewski, Jr., Tallahassee, of counsel and C. Allen Watts, Mattingly, Fogle & Watts, De Land, for petitioner.
R.K. Roberson, De Land, for respondent.
DEKLE, Justice.
Jurisdiction vests in this Court pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A., the decision of the First District Court of Appeal, reported at 283 So.2d 110 (1973), being in conflict with City of Miami v. Eldredge, 126 So.2d 169 (Fla.App.3d 1961). Inasmuch as the course of the litigation between the parties is of some importance to a proper determination, we first set out the background of this cause. Respondent teacher had been employed as a teacher by petitioner school board for three years as of the close of the 1967-68 school year, and was issued a continuing contract pursuant to F.S. § 231.36, F.S.A. in the normal course of events. Shortly thereafter, the school superintendent discovered that the teacher did not meet all of the statutory criteria for issuance of a continuing contract, and requested instructions from the Department of Education. Upon receipt *682 of these instructions, the teacher was requested to execute an annual contract to correct the error, and did so.
When recommendations were made for reappointments to teaching positions for the following year (1969-70), the teacher was not recommended for reappointment, she being one of several persons not recommended due to economic conditions. She then filed in the circuit court a petition for mandamus, pleading her continuing contract, inter alia. A peremptory writ issued, and the school board petitioned for rehearing. Meanwhile, the teacher filed in circuit court a declaratory action pleading her rights under the peremptory writ. A motion to dismiss this action was filed in which it was pointed out that the mandamus action was not yet final; no hearing on this motion was held during the next 18 months. During this time, the circuit court vacated its writ of mandamus and ordered a further hearing on the question of its jurisdiction. The court, after this hearing, determined that under Adams v. Board of Public Instruction of Okaloosa County, 225 So.2d 423 (Fla.App.1st 1970), it lacked jurisdiction over the cause, and that a transfer of the cause to the district court of appeal would be futile because of the teacher's failure to exhaust administrative remedies; accordingly, the mandamus cause was dismissed. This was affirmed per curiam by the district court of appeal (Barasa v. Board of Public Instruction, 238 So.2d 304) and we denied certiorari (Fla., 240 So.2d 815).
Despite this proper holding determinative of the matter, the circuit court persisted in proceeding in the declaratory action, denied the motion to dismiss therein, whereupon the school board filed a general denial and affirmatively alleged the final determination of the questions of jurisdiction and exhaustion of administrative remedies in the mandamus action. The cause was tried and the circuit court entered its final judgment refusing to adjudicate the teacher's right to "tenure" under F.S. Ch. 231, F.S.A., but ordering the school board to grant rights due to the teacher under that Chapter, together with back wages and interest. The school board petitioned for a new trial and a rehearing, pointing to the absence of proof of exhaustion of administrative remedies, and moved to dismiss for lack of jurisdiction over the subject matter. These motions were denied. The DCA affirmed without opinion, and this petition for review followed.
In the first place, a declaratory action was not the correct method to review such alleged action of the school board. As the keen analysis of Third District Chief Judge Tillman Pearson reflected in his lucid opinion in Carol City Utilities v. Dade County, 143 So.2d 828 (Fla.App.3d 1962), the declaratory decree statute is not a substitute for certiorari to review an administrative order of a state board or agency; certiorari to the district court is the sole remedy. To like effect is Adams, supra, and other cases cited therein. F.S. § 120.31(1), F.S.A. (Admin.Proc.Act).
Secondly, in failing to give effect in the declaratory action to the determinations as to exhaustion of administrative remedies and subject-matter jurisdiction reached in the mandamus action, the decision below conflicts with the opinion of the Third District Court of Appeal in City of Miami v. Eldredge, supra. There it was held that a declaratory decree setting aside certain actions which had resulted in the dismissal of a detective must be reversed, since the propriety and legality of the dismissal had been previously litigated and determined in a mandamus action. In an analogous situation, the court below in the instant cause reached the opposite result in failing to give effect to the prior determinations in the mandamus action. Upon this conflict rests our jurisdiction.
The proper rule in such cases is that of City of Miami v. Eldredge, supra. Having litigated the issues of subject-matter jurisdiction and exhaustion of administrative remedies in the mandamus action and lost *683 there, petitioner could not relitigate these same issues in a declaratory action. The doctrine of estoppel by judgment precludes it. As stated in McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935):
"... a point which was actually and directly in issue in a former suit, and there judicially passed on and determined by a domestic court of competent jurisdiction, cannot again be drawn in question in any future action between the same parties or their privies, whether the causes of action in the two suits be identical or different."
Here the issues of subject-matter jurisdiction and exhaustion of administrative remedies were actually and directly in issue in the mandamus action between the same parties, and were there passed upon by a domestic court competent to rule upon them; hence they could not thereafter be drawn into question in another suit between the parties. The prior determination is binding, and the circuit court erred in awarding damages to the teacher at this time.
This does not, however, leave the respondent teacher without a remedy. As the school board has pointed out, she is still free to exhaust her administrative remedies by obtaining the hearing required by F.S. § 120.22, F.S.A. Indeed, we are informed that such hearing has in fact been held, but that the decision of the board thereon has been withheld pending the outcome of this proceeding. It therefore appears that the board will shortly hereafter announce its decision, and, so far as the record before us indicates, that this will conclude and exhaust the administrative remedies available to respondent. Once administrative remedies have been exhausted, then, if dissatisfied, respondent could petition the district court of appeal for certiorari review. This is the means of review held proper in Adams and in Carol City, supra, and held applicable to these parties in the mandamus action. Until such time as administrative remedies have been exhausted, respondent may not seek relief in the courts from the asserted action of the school board.
Accordingly, the writ of certiorari is granted, the decision of the First District Court of Appeal is quashed and the cause is remanded for return to the circuit court with directions to dismiss the cause for lack of subject matter jurisdiction.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and McCAIN, JJ., concur.