PER CURIAM.
This is an appeal by the plaintiff, Frances Owen Warriner, from two orders of the circuit court of Monroe County, the first granting the defendants’ motion to dismiss with prejudice, ordering that the defendants recover from the plaintiff their costs and directing the clerk of the circuit court of Monroe County to remove, delete and expunge from the public records of such county “those instruments filed for record by the plaintiff herein, if any, which interfere with the possession, title, use or disposal of the real property subject herein.” The second is an order denying the plaintiff’s petition for rehearing.
We are cognizant of the numerous previous lawsuits concerning the identical parcel of property herein involved; that the appellant, Frances Owen Warriner, was a party to each and every one of those previous lawsuits and that the matter has reached final disposition on those multiple occasions.[1]
*376 We are of the opinion, therefore, that the appellant is prevented from pursuing the instant litigation because of estoppel by-judgment. Affirmed on the authority of McGregor v. Provident Trust Co. of Philadelphia, 1935, 119 Fla. 718, 162 So. 323; School Board of Flagler County v, Hauser, Fla.1974, 293 So.2d 681.
Affirmed.

. “ . . . Fink v. Warriner, Case No. 12516 filed in Monroe County, Florida on October 26, 1950, in her efforts to overturn or modify the adverse decision entered against her in the last mentioned case, as follows :
Frances O. Warriner vs. Harry Fink, Circuit Court of Monroe County, Florida, Case No. 12-1172. Case entitled ‘Original Bill in the Nature of a Bill of Review’. This action was dismissed by the Supreme Court of Florida in 1953. 62 So.2d 913.
. . . Frances O. Warriner vs. Harry Fink, Circuit Court of Monroe County, Florida, Case No. 14-1187. Case entitled ‘Original Bill in the Nature of a Bill of Review’. This Complaint was dismissed March 5, 1958. An appeal was taken to the Third District Court of Appeal and the appeal was quashed on October 21, 1958. Rehearing was denied April 20, 1959. The Order of the Third District Court of Appeal was taken to the Supreme Court of Florida as Case No. 23395 *376 and was dismissed by the Supreme Court of Florida on October 7, 1959.
. . . Frances O. Warriner v. Harry Fink, et al., District Court for the Southern District of Florida, Case No. 19-395, seeking to upset the decree entered in Case No. 12516, which is the initial case referred to in Paragraph 1 hereof. This action was dismissed by the United States District Court on February 28, 1961. An appeal was taken to the United States Court of Appeals and the Order of dismissal was affirmed and is reported in [5 Cir.] 307 F.2d 933. Certiorari denied by the Supreme Court of the United States, 372 U.S. 943 [83 S.Ct. 937, 9 L.Ed.2d 969].
. . . Frances O. Warriner vs. Harry Fink, United States District Court for the Southern District of Florida, Case No. 63-611. This action was dismissed by the United States District Court in March 1964.
. Marilyn Fernandez v. Frances O. Warriner, Circuit Court of Monroe County, Florida. This was an action filed against the Plaintiff, Frances O. Warriner, and was a bill to remove a cloud on title and for an injunction. Frances O. Warriner filed a counterclaim predicted upon basically the same charges as above outlines. A final Order quieting the title of Marilyn Fernandez and dismissing Warriner’s counterclaim was entered May 19, 1967. This Order was appealed in the Third District Court of Appeal and affirmed on May 21, 1968, 213 So.2d 328, Petition for Rehearing denied August 22, 1968. Petition for certiorari was denied by the Supreme Court of Florida, in March 1969, rehearing denied May 2, 1969, 225 So. 2d 524. A Petition for certiorari was filed in the Supreme Court of the United States on October 17, 1969, and this Petition for certiorari was denied by the Supreme Court of the United States on January 17, 1970. Rehearing was denied on March 23, 1970
This very Order ... is the predicate for the dismissal of the Plaintiff’s Amended Complaint.” Memorandum of cases filed by counsel for the appellee.