342 So.2d 108 (1977)
Robert E. PHILLIPS, Petitioner,
v.
SANTA FE COMMUNITY COLLEGE, et al., Respondents.
No. DD-190.
District Court of Appeal of Florida, First District.
February 3, 1977.
Rehearing Denied March 2, 1977.
*109 Peter F. Laird, of Meldon, Laird & Chapnick, Gainesville, for petitioner.
Winifred L. Wentworth, Gen. Counsel and John D. Carlson, Tallahassee, for respondents.

ON MOTION TO DISMISS
SMITH, Judge.
On complaint by the president of Santa Fe Community College, petitioner Phillips has been dismissed from his teaching position for incompetence and misconduct. The complaint was successively considered by a hearing officer of the Division of Administrative Hearings, who found the facts and recommended suspension for six months, by the Board of Trustees of the College, which accepted the recommended findings and conclusions but imposed the penalty of dismissal, and by the State Board of Education, which on Phillips' petition reviewed and sustained the Trustees' decision. Phillips now petitions for judicial review of the final agency action discharging him. Sections 120.57 and .68 (Supp. 1976), and Sections 230.759 and .760, Florida Statutes (1975); Fla. Admin. Code Rule 6A-14.411.[1]
*110 Respondents' motion to dismiss the petition demonstrates that Phillips' petition was here filed more than 30 days after the Board of Education entered an order sustaining the Santa Fe Trustees. Respondents question, therefore, whether the petition for review was timely. Fla.App. Rule 4.5c. Phillips counters that the order of the Board of Education does not satisfy formal requisites for an agency's final order[2] and, therefore, that we should remand the case to the Board of Education for entry of a final order which may be judicially reviewed. Section 120.68(13), Florida Statutes (Supp. 1976). We are thus called on to identify "final agency action" in a proceeding such as this.
Although supreme authority in the State plan for public education is committed to the governor and cabinet acting as the State Board of Education, Sections 229.012, .053, Florida Statutes (1975), the school code places contract authority at the operating level  in the case of each community college, with its district Board of Trustees. Sections 230.753, .7535, .754(2)(d),.759, .760, Florida Statutes (1975). The Board of Education's rule concerning dismissal from continuing contracts, supra note 1, provides the decision to dismiss instructors shall be made by the Board of Trustees but may be appealed to the Board of Education "through the commissioner for review" and, further, that "the decision of the state board shall be final... ."
In the case of decisions affecting substantial interests, the Administrative Procedure Act contemplates that a hearing will be conducted by the agency head, by a member of a collegial body constituting the agency head or by a hearing officer of the Division of Administrative Hearings; that a hearing officer's proposed order will be submitted to the agency authorized to act; and that the agency's final order shall meet certain standards and be subject to judicial review. Sections 120.57(1), 120.59, 120.68. Thus to require such final agency action by the Board of Education, as sought by petitioner Phillips, would effectively displace the Santa Fe Trustees as the body having authority to discharge instructional personnel at that college. A hearing would be required before the Board of Education itself, or before one of its members, or before a hearing officer whose proposed order would be submitted to the Board. Any prior proceedings before the district Trustees would thereby be eclipsed. We decline to so emasculate the specific design of the Florida school code to make it conform to the more general scheme of the Administrative Procedure Act. We hold that the district board of trustees of each community college is the agency responsible for final action in disputes concerning dismissal of instructional personnel.
We must yet take account of the Board of Education's retention of power to review administratively the Trustees' final agency action. Fla. Admin. Code, Rule 6A-14.411(4). Although the right of judicial review attaches when final agency action has been taken, the administrative review remedy must first be exhausted before judicial review can commence. See School Board of Flagler County v. Hauser, 293 So.2d 681 (Fla. 1974). We necessarily hold that the affected party may seek that administrative remedy, in the time and manner prescribed, without jeopardizing the judicial review secured to him by Section 120.68. Thus, Phillips' timely application for review by the Board of Education tolled the time for seeking judicial review; and, after the Board of Education sustained the Santa Fe Trustees, Phillips had 30 more *111 days in which to seek judicial review of the Trustees' final action. Fla.App. Rule 4.5c.
The form of the Board of Education's order sustaining the Trustees is inconsequential because it was not the "final order" of which Section 120.59(1) exacts "findings of fact and conclusions of law separately stated." The "final order" was that of the Trustees, who fully complied with the Administrative Procedure Act by adopting the hearing officer's findings of fact and conclusions of law and reviewing the full record before increasing the penalty to dismissal. Section 120.57(1)(b)(9), Florida Statutes (Supp. 1976).
It appearing that Phillips' petition for review was filed more than 30 days after the decision of the Board of Education reviewing and sustaining the final agency action in this case, the petition for review is
DISMISSED.
RAWLS, Acting C.J., and McCORD, J., concur.
NOTES
[1] The regulations of the Board of Education implementing the Florida school code, ch. 228 et seq., Florida Statutes (1975) have "the full force and effect of law." Sec. 229.041. Fla. Admin. Code Rule 6A-14.411, pertaining to instructional contracts of community colleges, provides in part that any employee under a continuing contract, such as Phillips, may be dismissed through the following procedure:

"If the employee, upon being officially notified in writing by the board that it will consider the charges filed against him, wishes a public hearing, he shall notify the board in writing within ten (10) days after the date of the official notice. Upon receiving such a request, the board shall within ten (10) days notify the employee of the time and place of the public hearing. In the event the employee does not request a public hearing, the board shall proceed to take appropriate action. Any decision adverse to the employee shall be made by a majority vote of the full membership of the board. Any such decision adverse to the employee may be appealed by him in writing to the state board of education, through the commissioner for review; provided such appeal is filed within thirty (30) days after the decision of the board and provided further that the decision of the state board shall be final as to sufficiency or insufficiency for discontinuation of the continuing contract status."
[2] Section 120.59(1), Florida Statutes (1975) provides: "The final order in a proceeding which affects substantial interests shall be in writing or stated in the record and include findings of fact and conclusions of law separately stated... ." The record before us contains no transcript or minutes of action by the Board of Education, but only a letter by the Commissioner of Education advising Phillips' lawyer that the Board on July 20, 1976, "sustained the action of the Santa Fe Community College District Board of Trustees dismissing Mr. Phillips from his continuing contract." The letter contained no statement of findings or conclusions.