348 So.2d 1166 (1977)
SCHOOL BOARD OF COLLIER COUNTY, Florida, Petitioner,
v.
Nadine STEELE, Respondent.
No. CC-487.
District Court of Appeal of Florida, First District.
June 30, 1977.
Rehearing Denied September 7, 1977.
Hugh D. Hayes, Grootemaat & Hayes, Naples, for petitioner.
Nadine Steele, in pro. per.
SMITH, Judge.
The Collier County School Board petitions for review of an order of the State Board of Education which set aside the School *1167 Board's dismissal of respondent Steele, holder of a continuing teacher's contract, and ordered her reinstated. Section 120.68, Florida Statutes (Supp. 1976).
In a controversy arising out of Steele's absence from school to attend an Equal Rights Amendment rally in Tallahassee, the School Board, after Section 120.57(1) proceedings, discharged her on account of breach of contract, absence without leave and willful neglect of duty. Sections 231.36, 231.44, Florida Statutes (1975). Steele sought review by the State Board of Education as authorized by Section 231.36(6).[1] Following a report by the State Board's hearing officer, who reviewed the record developed before the School Board,[2] the State Board reinstated Steele by an order evidenced only by a letter from the Commissioner of Education to the School Board's attorney:
"This is to notify you that the State Board of Education meeting in Tallahassee on June 29, 1976, reversed the action of the Collier County School Board, reinstating Ms. Steele's continuing contract with full back pay from the time of dismissal."
The State Board's hearing officer recommended reinstatement because the record showed Steele requested personal leave without pay to attend the ERA rally and was refused permission by her principal, whose criteria for granting personal leave were so unsettled and capricious as to deny Steele equal protection of the law. The School Board's written policy concerning personal leave not exceeding five working days included no standards for its application, but left its application to the principal and superintendent, who were shown to have granted personal leave for many reasons not demonstrably more compelling than respondent's.
We do not reach the merits of the State Board's decision vacating that of the School Board, nor do we examine the merits of the displaced decision of the School Board. We hold the Administrative Procedure Act, Chapter 120, Florida Statutes (Supp. 1976), does not authorize judicial review of the State Board's order at the instance of a district School Board.
Our Constitution provides for "a uniform system of free public schools" in which the school boards of single-county districts "operate, control and supervise all free public schools within the school district", subject to "such supervision [by the State Board] as is provided by law." Article IX, Sections 2 and 4, Florida Constitution. Consistent with that plan, Section 231.36, Florida Statutes (1975) places authority to employ and discharge teachers in the district school boards. School Board of Leon Co. v. Goodson, 335 So.2d 308 (Fla. 1st DCA 1976); Hart v. School Board of Wakulla Co., 340 So.2d 121 (Fla. 1st DCA 1976). The State Board has supervisory power to review a district school board decision to suspend or discharge a teacher only "[i]f the employee is under continuing contract". Section 231.36(6); Adams v. Bd. of Pub. Inst. of Okaloosa Co., 225 So.2d 423 (Fla. 1st DCA 1969). That limited review power does not have the effect of removing responsibility for "final agency action," as that term is employed in the APA, from the district board to the State Board. Section 120.68(1), Florida Statutes (Supp. 1976). *1168 That responsibility remains with the district school board, both as a conceptual affirmation of local authority and as a necessary consequence of orderly proceedings under the APA.
In Phillips v. Santa Fe Community College, 342 So.2d 108 (Fla. 1st DCA 1977), the Board of Trustees of a community college dismissed a teacher for incompetence and misconduct. The teacher as holder of a continuing contract was entitled to administrative review of his discharge by the Board of Education. Fla. Admin. Code Rule 6A-14.411. Phillips sought that review and the Board of Education sustained the Trustees' action. Phillips' tardy petition for review made it necessary to determine whether "final agency action" under Chapter 120 was taken by the Santa Fe Trustees or by the Board of Education. We held that the Santa Fe Board of Trustees was the agency responsible for "final agency action" and that the Board of Education's subsequent administrative review did not displace the Trustees' action as "final" but simply tolled the time allowed for Phillips' petition for judicial review. To recognize the order of the Board of Education as "final agency action," we stated,
"... would effectively displace the Santa Fe Trustees as the body having authority to discharge instructional personnel at that college. A hearing would be required [under Section 120.57(1)] before the Board of Education itself, or before one of its members, or before a hearing officer whose proposed order would be submitted to the Board. Any prior proceedings before the district Trustees would thereby be eclipsed." 342 So.2d at 110.
The implication of Phillips in the case before us is that the school system's final administrative action is not to discharge respondent but to reinstate her. The Board of Education has, in effect, dictated a revision of the Collier County School Board's final order, and the School Board is bound to effectuate that revision as its own. The School Board cannot here seek judicial review of final agency action which is, in legal effect, its own. Cf. Bureau of Community Med. Fac. Planning v. Samson, 341 So.2d 1071 (Fla. 1st DCA 1977).
Were we to recognize the order of the Board of Education as final agency action, subject to review on petition of the Collier County School Board, we would necessarily subject the Governor and Cabinet to all responsibilities concerning final agency action which are imposed by Chapter 120. Section 120.57(1) would require factfinding by the Board of Education or a hearing officer assigned in its place, thus removing that function from the district school board or adding a second, duplicative trial. We cannot conceive the legislature intended such a result. Rather, it was the legislature's evident purpose that the statewide school system speak through final orders of the district school boards, subject to administrative review in limited cases by the Board of Education. Judicial review is unavailable to a district school board whose final order is modified by a superior administrative decision.
The School Board urges that respondent's discharge for willful absence from duty without leave was not reviewable by the Board of Education under the terms of Section 231.36(6) because that offense is a ground of discharge under Section 231.44[3] and is not one of the offenses for which discipline is authorized by Section 231.36(6), namely:
"immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude."
We find, on the contrary, that a teacher's violation of Section 231.44 by willful absence without leave is "misconduct in office" or "willful neglect of duty" for which discipline is authorized and State Board review is provided by Section 231.36(6).
The petition for review is DISMISSED.
*1169 McCORD, J., concurs.
RAWLS, Acting C.J., specially concurs.
RAWLS, Acting Chief Judge (specially concurring).
Article IX, Section 4(b), Florida Constitution (1968), entitled "School District; School Boards", provides: "The school board shall operate, control and supervise all free public schools within the school district... ." Consistent with this constitutional provision, Section 231.56, Florida Statutes, authorizes the district school boards to employ and discharge teachers in their respective districts. Thus, it would appear that the citizens granted to the local school boards, by their charter, and the legislature implemented same, by statute, the authority for "hiring" and "firing" teachers. Not so. The legislature, by the provisions of Section 231.36(6), Florida Statutes, has empowered the State Board of Education with the final authority (subject to judicial review) of "firing" and, by "conceptual affirmation", imposed this super board's determination upon the local board. Thus, by sophistic reasoning, we are forced to conclude that the final action of the district school board is not the action that it has reached after extensive due process hearings, but, to the contrary, its final action is the action dictated by the "Tallahassee State School Board". The result is incredulous; however, I am compelled to concur because it is the law.
NOTES
[1] "If the employee is under continuing contract, any such decision [by the school board] adverse to him may be appealed by him in writing to the Department of Education, through the Commissioner [of Education], for review; provided such appeal is filed within 30 days after the decision of the school board, and provided further that the decision of the department shall be final as to sufficiency of the grounds for dismissal."
[2] Fla. Admin. Code Rule 6A-1.691(2): "The hearing officer shall notify the parties of a schedule for filing such papers with the hearing officer as may be necessary and appropriate to determine whether the record reflects that the decision of the school board to discontinue the continuing contract status or dismiss the appellant was supported by substantial competent evidence." That Rule of the State Board further provides, in subsection (4): "The State Board of Education shall affirm, overrule or enter such order as may be equitable based on the record and the hearing officer's recommendation."
[3] "Any member of the instructional staff of any district who is willfully absent from duty without leave shall forfeit compensation for the time of such absence, and his contract shall be subject to cancellation by the school board." § 231.44, Fla. Stat. (1975).