484 So.2d 645 (1986)
FLORIDA DEPARTMENT OF LAW ENFORCEMENT, CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, an Agency of the State of Florida, Petitioner,
v.
John W. DUKES, Respondent.
No. 85-1822.
District Court of Appeal of Florida, Fourth District.
March 12, 1986.
*646 Joseph S. White, Asst. Gen. Counsel, Florida Dept. of Law Enforcement, Tallahassee, for petitioner.
James E. Bradwell, Hearing Officer, Div. of Administrative Hearings, Tallahassee, for respondent.
GLICKSTEIN, Judge.
This is an appeal of a non-final recommended order of a hearing officer. We reverse and remand.
Respondent, John W. Dukes, a law enforcement officer, was accused of having sexual relations with his then fourteen-year-old stepdaughter. The stepdaughter told her mother of the alleged incident, who then contacted the Broward County Sheriff's Office. The stepdaughter allegedly signed a sworn statement, accusing respondent of having sexual relations with her. Respondent also allegedly confessed to having sexual intercourse with the child.
Subsequently, the stepdaughter retracted her statement, saying she had fabricated the incident because she was afraid to tell her mother she had contracted an infection by engaging in sexual relations with a boy she was not permitted to see.
Petitioner then filed a complaint accusing respondent of failing to maintain the qualifications of a certified law enforcement officer, which require officers to have a good moral character.
At the hearing on this matter, the hearing officer refused to let petitioner introduce respondent's confession into evidence because of petitioner's failure to comply with the corpus delicti rule, requiring proof that a crime has been committed before an *647 admission can be introduced. The hearing officer also held that petitioner was precluded from introducing the stepdaughter's prior statement because the stepdaughter had subsequently denied having intercourse with respondent; therefore her prior statement could not be introduced for impeachment purposes or as substantive evidence. As these two pieces of evidence were the basis of petitioner's case against respondent, the hearing officer filed a recommended order of dismissal.

I
The first issue is the appealability of the hearing officer's order. Petitioner's authority for now seeking review is section 120.68(1), Florida Statutes (1985), which provides:
A party who is adversely affected by final agency action is entitled to judicial review. For purposes of this section, a district school board whose decision is reviewed under the provisions s. 231.36 and whose final action is modified by a superior administrative decision shall be a party entitled to judicial review of the final action. A preliminary, procedural, or intermediate agency action or ruling, including any order of a hearing officer, is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
Accordingly, appeal is appropriate at this time "if review of the final agency decision would not provide an adequate remedy."
Petitioner contends that appeal is necessary now because (1) if it were to follow the hearing officer's recommendation in issuing its order, it would not be possible to appeal from its own order; and (2) if it were to deviate from the hearing officer's recommendation, this court would then be forced to follow the hearing officer's recommendations on appeal, based upon the present record, which reflects all of petitioner's evidence having been disallowed.
As to its first contention, petitioner is correct. In Cushing v. Department of Professional Regulation, Board of Dentistry, 416 So.2d 1197, 1198 (Fla. 3d DCA 1982), the court stated the following:
By cross-appeal, the appellee seeks to challenge alleged errors committed by the hearing officer which underlay his recommendation that Counts I and II be dismissed. Since, however, the Board adopted these very recommendations in the order now before us, the agency is thus essentially attempting to appeal from itself. It is very clear that this cannot be done, see Section 120.68(1), Fla. Stat. (1979), and the cross-appeal is therefore dismissed for lack of jurisdiction.
See also Collier County School Board v. Steele, 348 So.2d 1166 (Fla. 1st DCA 1977).
As for petitioner's second contention, we agree that since it was not permitted to introduce the bulk of its evidence, it could not say that the findings of fact of the hearing officer were not based on competent substantial evidence (at least not without being reversed by this court). While an agency is permitted under section 120.57(1)(b)9 to reject a hearing officer's conclusion of law, petitioner points out that there is nothing in the Administrative Procedure Act (APA) authorizing it to remand the case to the hearing officer and directing him or her to admit the evidence in question. Based on the above, we agree that petitioner has no adequate remedy on review of the final agency action.[1]

II
The second issue is the correctness of the hearing officer's evidentiary rulings. Petitioner first contends that the hearing officer erred in holding that the alleged victim's original sworn statement to an investigation could not be admitted, wherein she stated that respondent had forced her to have sexual intercourse with him. We *648 agree, based upon section 120.58(1)(a), Florida Statutes (1985), which provides:
120.58 Agency action; evidence, record and subpoenas
(1) In agency proceedings for a rule or order:
(a) Irrelevant, immaterial, or unduly repetitous evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida. Any part of the evidence may be received in written form, and all testimony of parties and witnesses shall be made under oath. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. This paragraph applies only to proceedings under s. 120.57.
The proceeding in question was under section 120.57. We recognize that the original sworn statement to the investigator would not be admissible under section 90.801(2), Florida Statutes (1983)[2] were this not a proceeding under the APA. Judge Sharp's thorough opinion in Webb v. State, 426 So.2d 1033 (Fla. 5th DCA 1983) makes that clear.
Petitioner next contends that the hearing officer erroneously excluded respondent's confession. Again, we agree, based upon section 120.58, which was enacted in 1975.
The corpus delicti rule is a rule of criminal law which states that before a defendant's confession can be admitted into evidence at a criminal trial, there must be proof by substantial evidence of the corpus delicti of the crime independent of the statement, Stone v. State, 378 So.2d 765 (Fla. 1980). This is not a criminal trial.
DOWNEY and LETTS, JJ., concur.
NOTES
[1] The filing of exceptions to the hearing officer's recommended order is not, as contended by respondent, a prerequisite to review by an appellate court. Ace Delivery Service v. Boyd, 100 So.2d 417 (Fla. 1958).
[2] Section 90.801(2)(a) provides:

(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition;