Martin M. Frank, J.
In this action for a declaratory judgment, the plaintiffs move for a temporary injunction and defendant cross-moves to dismiss the complaint for insufficiency.
The plaintiffs are tenants in a Federally-aided low rental housing development operated by the defendant. In projects of this kind, the rental for premises occupied is fixed by the authority upon several factors, including the number of rooms, the size and the income of the family. The plaintiffs occupied a five-and-a-half room apartment for which they paid $28.75 per month including gas and electricity. The rent was fixed upon their representation that the husband earned $2,080 per year. This representation was false. Investigation disclosed that, for several years, Isidore Gfreenbaum had not been employed by the concern named by him but had been working at other trades at a conceded income of $3,862 for one of the years involved. It thus appears that although his income was less than the maximum permissible limit set for the apartment and for a family such as his, it was almost double the amount he reported. Had he truthfully revealed his income, he would have been required for several years to pay a monthly rent at a much higher rate.
*783 It is not without significance that the complaint contains no allegation denying the charge of misrepresentation. It does, however, state that plaintiffs were tenants under a written lease providing a term for one month renewable from month to month and terminable on one month’s notice. A final order was issued May 19, 1955, in the Municipal Court, Borough of Manhattan, Second District, against plaintiffs as tenants and in favor of defendant as landlord in a holdover proceeding. Upon the application of tenants in that proceeding an order was made, dated October 26, 1955, extending the stay of execution of warrant to November 30, 1955.
It is alleged that pursuant to article II of resolution 53-3-185 of the New York City Housing Authority adopted in 1953 pursuant to section 54 of the Public Housing Law, misrepresentation is a ground for termination of tenancy. It is further alleged that on September 30,1954, defendant’s Continued Occupancy Board made a finding of misrepresentation and ineligibility for continued occupancy against plaintiffs. It is then argued by reason of sections 2, 37 and 156 of the Public Housing Law, this court has jurisdiction to determine this action, attacking collaterally the final order of the Municipal Court (there is no allegation of fraud with respect to the summary proceeding). Invalidity of the petition in the summary proceeding is alleged in that it did not make appropriate recitations pursuant to subdivisions 3 and 4 of section 156 of the Public Housing Law. A declaration is sought that article II of resolution 53-3-185 is invalid and unconstitutional, that the monthly lease is invalid and that excess income is the sole ground for eviction.
Declaratory judgment cannot substitute for other and adequate remedies available or to review jural relations already adjudicated. Both upon the trial of the summary proceedings (New York City Housing Auth. v. Greenbaum, 140 N. Y. S. 2d 923) and upon the motion attacking the petition, the sufficiency of which was sustained on appeal (New York City Housing Auth. v. Greenbaum, 1 Misc 2d 138) the issues now tendered were or should have been raised and were adjudicated.
Upon the appeal from the final order dismissing the petition, the Appellate Term stated (1 Mise 2d 138, 139): “ The allegation of paragraph 6th of the petition sufficiently complies, for pleading purposes, with subdivision 4 of section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd.). It was accordingly error to dismiss the petition before the landlord had offered any evidence. At the trial it will, however, be necessary for the landlord to establish that its termination of the tenancy was *784 based upon a ground for termination authorized by the statute or regulations under which the housing accommodations are administered. Although the tenants may not, in a dispossess proceeding, litigate the propriety of the authority’s determination that they were undesirable, or had failed to pay rent or that there was some other authorized ground for termination, the tenants are entitled to compel the landlord to prove that the authority had determined that an authorized ground for termination existed. ’ ’ ■ Thus, the petition was found sufficient to confer jurisdiction of the subject matter although the Municipal Court lacked jurisdiction to inquire into the propriety of respondent’s administrative action. It is not alleged that a review was sought pursuant to article 78 of the Civil Practice Act and it appears from the complaint that the time therefor has expired.
After the trial of the holdover proceeding, the presiding Justice in his opinion (140 N. Y. S. 2d 923, 924, supra) stated: ‘ ‘ It should suffice to state that Section 156 on its face deals solely with excess income tenants and has no relevance to the instant case in which the tenancy was terminated for misrepresentation. Misrepresentation is one of the grounds for termination specified in New York City Housing Authority Resolution No. 53-3-185 (Section 2.01c), which resolution was judicially noticed by the Court, having been duly adopted by the landlord authority in accordance with power given by Section 37 (w), Public Housing Law. The landlord having established authorization for terminating the instant tenancy pursuant to its regulations, and conformity therewith, service of a notice terminating the tenancy entitles the landlord to a final order, and there is therefore no defense to this proceeding. ’ ’ Thus, it was found the lease was terminated on a permissible ground. Implicit, also, is the legality of the lease. The validity of the final order was not tested by an appeal.
Plaintiffs contend that the questions now presented have never before been considered by any court of this State. However that may be, the jural relations of these parties have already been adjudicated and stabilized by the failure to take an appeal or by timely appropriate review. Apart therefrom, the right of the defendant to investigate continued occupancy and to terminate for misrepresentation is clear. (Public Housing Law, § 37, subd. 1, par. [w]; §§ 156, 220; State Residential Rent Law, § 5, snbd. 4.)
It would be futile to assume jurisdiction here and a declaration is neither practical nor sensible. The cross motion is granted and the complaint is dismissed.
The motion for a temporary injunction is dismissed.