104 So.2d 81 (1958)
George A. FRIX and All Florida Surety Company, a Florida corporation, Appellants,
v.
George BECK, Lucille Snowden, Joseph H. Kaplan and Julius Ser, doing business as Kaplan & Ser, and Florida Industrial Commission, Appellees.
No. 58-67.
District Court of Appeal of Florida. Third District.
June 26, 1958.
*82 Anderson & Nadeau, Miami, for appellants.
Kaplan & Ser, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
This appeal is from a decree of the circuit court, dismissing, for insufficiency, an amended complaint for declaratory decree.
The appellants were principal and surety, respectively, on a supersedeas bond filed in the course of a workmen's compensation matter before the Florida Industrial Commission. Certain costs and fees were charged against them on the bond by a final order of a deputy commissioner, from which order no appeal was taken. Their amended complaint for declaratory decree sought to review the final order of the deputy commissioner.
The determinative question here is whether the jurisdiction granted under Chapter 87, Fla. Stat., F.S.A., for declaratory judgments includes suits to review, modify or vacate judgments of other courts or tribunals.
By their amended complaint in the circuit court, the appellants alleged that one George Beck filed a claim for workmen's compensation in June of 1955; that on November 22 of that year the deputy commissioner made an order awarding benefits to the claimant and allowing a $250 fee to his attorney; that the employer appealed the deputy's order to the full commission; that a supersedeas bond was filed in the principal sum of $2,000, dated November 22, 1955, which contained the following recitations and statement of conditions:
"Whereas, a compensation order was entered by John V. Christie, as Deputy Commissioner, in the above styled cause on November 22, 1955; and
"Whereas, the said George A. Frix and Oscar Sandstrom have filed their application for review of said award with the Florida Industrial Commission; and
"Whereas, Section 440.25(4) (a), F.S.A., requires that the said George A. Frix and Oscar Sandstrom file a bond in accordance with the terms of said statute,
"Now, Therefore, the terms and conditions of this bond are such that if the said George A. Frix and Oscar Sandstrom shall pay the amount of the award, interest and costs, payable under the terms of the order of the full commission if the application be dismissed, or the order thereon shall affirm or make an award of benefits in any amount, then this bond shall be null and void; otherwise to remain in full force and effect."
The amended complaint further alleged that the commission affirmed the deputy's order and also awarded $250 fee to claimant's attorney; that a petition for certiorari to the Supreme Court was denied on October 22, 1956, and the Supreme Court awarded claimant's attorney a fee of $250; that on May 28, 1957, after a further hearing before the deputy commissioner he made his final order in which he assessed a 20% penalty on all compensation and interest due pursuant to the order of November 22, 1955, allowed an additional attorney's fee of $200 to claimant's attorney and directed that the awards for attorney's fees all be assessed against the employer and the surety on the supersedeas bond; that a petition for rehearing was denied by the deputy commissioner who advised that "the only remedy which the employer had was by way of an appeal from the order of May 28, 1957."
The amended bill for declaratory decree then challenged the final $200 fee allowance of May 28, 1957; challenged the correctness *83 of charging the fees against the surety on the bond, and the imposition of the 20% penalty, as violating constitutional guarantees; charged that the procedure before the commission improperly afforded opportunities for excessive and repeated allowances of attorney's fees; and charged that the prescribed procedure of petitioning for certiorari to the Supreme Court for review of orders of the commission was unconstitutional and did not afford the plaintiffs a day in court.
The complaint prayed for an injunction against the enforcement of the order of the deputy commissioner, and for a decree declaring that the 20% penalty awarded by the deputy commissioner was not payable and was unconstitutional and void; that the court should determine whether the employer was obligated to pay the penalty and the attorney's fees which the deputy commissioner had ordered paid; and that the court declare that the surety on the supersedeas bond in the industrial commission case was not liable for payment of the items which the deputy commissioner had ordered charged against the surety thereunder.
The foregoing outline of the allegations and prayer of the amended complaint for declaratory decree, as filed in the circuit court, shows that the suit represented an attempt to review and avoid the effects of certain features of an order of a deputy commissioner of the Florida Industrial Commission.
Although essentially administrative in nature, the authority conferred upon the industrial commission by the Workmen's Compensation Law has been held to be quasi-judicial. See South Atlantic S.S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675, 680. The statute provides for an appeal to the full commission from such orders of a deputy commissioner (§ 440.25 (4) (a), Fla. Stat., F.S.A.), and for further review by certiorari in district courts of appeal (§ 440.25(4) (c) and § 440.27(1), Fla. Stat., F.S.A.). No such appeal or review of the deputy commissioner's order was taken in this instance.
Where provision is made by law for the decision of a court or tribunal to be reviewed on appeal, and the procedure thus afforded is not availed of, a party adversely affected by such an order may not seek to have it altered or reversed by a suit for declaratory decree. No Florida decision has been cited to us on this point but the question appears to be well settled. Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 174 F.2d 978; Hurley v. Lindsay, 4 Cir., 1953, 207 F.2d 410; Bingham v. Citizens & Southern Nat. Bank, 205 Ga. 285, 53 S.E.2d 228; Bryarly v. State, 232 Ind. 47, 111 N.E.2d 277; Cantrell v. City of Caruthersville, Mo. 1954, 267 S.W.2d 646; Jacobs v. Leggett, Mo. 1956, 295 S.W.2d 825; Greenbaum v. New York City Housing Authority, 4 Misc.2d 781, 147 N.Y.S.2d 315; Borchard, Declaratory Judgments, p. 355; Anderson, Actions for Declaratory Judgments, Vol. 2, § 459, pp. 1079, 1081. We see no reason why this rule should not be applied with equal force to orders of an administrative board made in the exercise of its authorized quasi-judicial powers, for which appellate review is provided but not pursued.
The law on this question is discussed in 16 Am.Jur., Declaratory Judgments, § 23, pp. 295-296, as follows:
"Questions already adjudicated by a court having jurisdiction of the subject matter and the parties cannot thereafter be the subject, between such parties and their privies, of an actual controversy within the meaning of this term in the Declaratory Judgments Act. The act is not intended to be used to elucidate or interpret judicial decrees or judgments already entered or to modify or declare rights thereunder. Hence, a declaratory judgment proceeding is not an appropriate method of obtaining the vacation of a judgment; and it would be entirely beyond the purpose and scope of the statute as well as contrary to fundamental principles for a court to attempt, in such a proceeding, to review and determine the validity of a judgment of a *84 court of co-ordinate jurisdiction. * * *."
In the same volume (16 Am.Jur., 1957 Supplement, Declaratory Judgments, § 23.1, p. 55), the question is additionally treated as follows:
"While there are some authorities which hold that the validity and effect of a former judgment is a proper subject to be considered and passed upon in an action for a declaratory judgment, and there are some authorities taking the opposite view, in most cases involving actions for a declaratory judgment in which the courts have declined to consider questions concerning the validity or effect of a former judgment, the decision is based, or may be explained, on the ground that the pre-requisites generally necessary to the maintenance of an action for a declaratory judgment were not met, these cases being no precedent for either of the conflicting views above mentioned. As a general observation from the cases, it may be stated that an action for declaratory judgment cannot be used as a subterfuge for the purpose of relitigating a question as to which a former judgment is conclusive. Questions formerly adjudicated by a court having jurisdiction of the subject matter and the parties cannot thereafter be the subject between such parties and their privies of an `actual controversy' within the meaning of those terms as used in the Declaratory Judgment Act. Quite clearly a declaratory judgment cannot serve the purpose of an appeal to reverse or modify a former judgment for such errors as are reviewable only on appeal. * *."
The learned chancellor clearly observed the law in this respect, and properly dismissed the suit for declaratory decree.
Affirmed.
HORTON and PEARSON, JJ., concur.