## CAROL CITY UTILITIES, Inc. v. DADE COUNTY WATER AND SEWER BOARD, et al.

### No. 61 C 6728.

Circuit Court, Dade County.

October 10, 1961.

---

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for plaintiff.

Darrey A. Davis, County Attorney, for the county.

Bolles & Prunty, Miami, for the board of public instruction.

PHILLIP GOLDMAN, Circuit Judge.

The plaintiff, Carol City Utilities, Inc., initiated this action against Dade County, certain named individuals (as claimants to the office of and collectively constituting the Metropolitan Dade County Water and Sewer Board), and the Board of Public Instruction of Dade County, Florida.

The suit seeks a declaratory decree or judgment as to the validity, scope and effect of an order on rate complaint (exhibit #4, attached to the complaint) of the Dade County Water and Sewer Board and, incident thereto, a declaration as to the validity and

construction of certain designated sections of the Home Rule Charter, as well as certain ordinances and resolutions of the Metropolitan Dade County Commission (all of which are attached to the complaint as exhibits).

The matter is before the court on a motion to dismiss filed by the defendant school board, and motions for summary judgment filed by the plaintiff, the defendant Dade County[1] and the individual defendants (hereinafter referred to from time to time as the water and sewer board) it being agreed by all parties that there is no dispute as to any material fact.

For the reasons hereinafter set forth the court is of the opinion that the plaintiff has sought an improper remedy and therefore the cause must be dismissed.

Putting aside the "form" of the complaint, by *this* action the plaintiff seeks to review and void (or avoid the effects of) a specific "Order on Rate Complaint" addressed to the plaintiff (plaintiff's ex. #8) and entered by the Dade County Water and Sewer Board, after *notice* and *hearing*.

The plaintiff is unhappy with the order and urges its invalidity on several grounds; most, if not all, of which involve a judicial construction (or determination of validity) of the charter provisions, statutes, ordinances, resolutions, and other indicia of governmental action, referred to in plaintiff's complaint. However, and this is most important, it is still an action to review an order of an administrative agency acting in a "quasi-judicial capacity".[2]

The review of such an order must be by certiorari.

According to the authorities presented to the court, if, as is true here, an order is "quasi-judicial in character" it "may be reviewed *only* by certiorari." See Bloomfield v. Mayo, Fla. App. 1st, 119 So.2d at 421, and cases therein collected in the notes. And this procedure expressly contemplates the determination of contentions or arguments premised upon claims that the administrative

[1] At the hearing the county attorney (on behalf of all defendants except the school board) so moved ore tenus with the consent and approval of the plaintiff and the defendant school board. This action, however, was expressly made without prejudice to the school board's motion.

[2] An agency is acting in a "quasi-judicial capacity" when it issues an order after notice and a hearing required by law. Bloomfield v. Mayo, Fla. App. 1st, 119 So. 2d 417, at 421.

body in question "acted without or in excess of its jurisdiction, or whether it departed from essential requirements of law in entering the order sought to be reviewed." These, of course, are in essence the very contentions or arguments advanced here by the plaintiff in a declaratory decree or judgment proceeding (chapter 87, Florida Statutes) for the purpose of voiding or avoiding the order entered by the water and sewer board.

Chapter 87, Florida Statutes, is not available for this purpose under these circumstances as the court understands the authorities.

The case of Frix v. Beck, Fla. App. 3d, 104 So.2d 81, the applicable principles of which were again asserted in City of Miami v. Eldredge, Fla. App. 3d, 126 So. 2d 169, 170, is controlling here.

In the Frix case the District Court of Appeal, Third District, held (104 So.2d at 83) —

> "Where provision is made by law for the decision of a court or tribunal to be reviewed on appeal, and the procedure thus afforded is not availed of, a party adversely affected by such an order may not seek to have it altered or reversed by a suit for declaratory decree. No Florida decision has been cited to us on this point but the question appears to be well settled. Clark v. Memolo, 1949, 85 U.S. App. D.C. 65, 174 F. 2d 978; Hurley v. Lindsay, 4 Cir., 1953, 207 F. 2d 410; Bingham v. Citizens & Southern Nat. Bank, 205 Ga. 285, 53 S.E. 2d 228; Bryarly v. State, 232 Ind. 47, 111 N.E. 2d 277; Cantrell v. City of Caruthersville, Mo. 1954, 267 S.W. 2d 646; Jacobs v. Leggett, Mo. 1956, 295 S.W. 2d 825; Greenbaum v. New York City Housing Authority, 4 Misc. 2d 781, 147 N.Y.S. 2d 315; Borchard, Declaratory Judgments, p. 355; Anderson, Actions for Declaratory Judgments, Vol. 2, §459, pp. 1079, 1081. *We see no reason why this rule should not be applied with equal force to orders of an administrative board made in the exercise of its authorized quasi-judicial powers, for which appellate review is provided but not pursued.*" (Italics added.)

There, as here, the plaintiff refused (or otherwise failed) to follow the prescribed procedure for review of an administrative order and sought to invoke the general provisions of the declaratory decree or judgment statute (chapter 87, Florida Statutes) as a means of vitiating an allegedly offensive order of an administrative agency. There, as here, the declaratory decree proceeding challenged the validity and sought a judicial determination as to the construction of various statutes and agency enactments.

In that case the circuit court for this circuit dismissed the suit, and, on appeal, its action in so doing was affirmed. Hence, this court considers itself obliged to dispose of the instant case in like fashion.

As previously noted this principle was again applied by the District Court of Appeal, Third District, in City of Miami v. Eldredge, supra.

So that the effect of this determination will not be misunderstood, the court is *not* holding that the plaintiff is precluded from declaratory relief because of any failure to raise constitutional questions before the water and sewer board. Nor is the court holding that under no circumstances may the plaintiff invoke the declaratory judgment or decree statute for the purpose of seeking (and obtaining) a declaration of its rights, status, duties and obligations under (or to challenge the validity of) those sections of the Metropolitan Home Rule Charter and such ordinances and resolutions of the board of county commissioners of Metropolitan Dade County as the plaintiff considers applicable. *What the court is holding is that the plaintiff may not (except by certiorari) do this as part and parcel of an effort to review and vitiate or avoid the effects of a specific order of an administrative board or agency acting in a quasi-judicial character.*

It is accordingly ordered — (1) This cause is hereby dismissed. (2) The parties shall each bear their respective costs.