BARKDULL, Chief Judge.
This domestic litigation has previously been before this court. See: Kittel v. Kittel; Fla.App.1963, 148 So.2d 574, wherein we affirmed a final decree of separate maintenance. Subsequently, the husband journeyed to Mexico, where he instituted proceedings to obtain a Mexican divorce, while the wife remained in this jurisdiction. Before the entry of the Mexican decree of divorce, the wife instituted an action in the Circuit Court seeking to enjoin the husband from proceeding in Mexico. An injunction was issued, which was subsequently dissolved and the husband proceeded with his Mexican divorce and obtained a decree. Thereafter, the complaint [seeking injunctive relief] was dismissed with leave to amend and the wife filed her amended complaint in the nature of a declaratory decree, the substance of which contended the Mexican decree of divorce was void. In said amended complaint, she sought attorney’s fees for her counsel in representing her in the attack on the Mexican divorce decree. To this amended complaint, the husband filed a motion to dismiss alleging (a) that same failed to state a cause of action against him, and (b) that same failed to contain sufficient allegations.[1] The husband also filed a motion to strike that portion of the amended complaint seeking attorney’s fees. Upon hearing, the chancellor denied the motion to dismiss and granted the motion to strike. Thereafter, both parties prosecuted these appeals; the husband seeking a reversal of the order denying his motion to dismiss, and the wife seeking a reversal of the order striking those portions of her amended complaint seeking attorney’s fees.
 It is apparent, under the decisions of tlie Supreme Court of Florida and other appellate courts of this State, that a declaratory decree may not be used to attack the validity of a judgment or decree. See: *835 DeMarigny v. DeMarigny, Fla.1949, 43 So.2d 442; Stahl v. Wilson, Fla.App.1960, 121 So.2d 662; City of Miami v. Eldredge, Fla.App.1961, 126 So.2d 169. However, the allegations of the amended complaint in this cause were sufficient to support a direct attack on the Mexican decree, when said amended complaint alleged that same was void. In this connection, see: Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Bemis v. Loftin, 127 Fla. 515, 173 So. 683; Reger v. Reger, 316 Mo. 1310, 293 S.W. 414; Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142; 19 Fla.Jur., Judgments and Decrees, §§ 403, 404, 405; 30A Am.Jur., Judgments, § 855. Therefore, even though a declaratory decree action under Chapter 87 would be unavailable to the wife, she pled sufficient allegations to sustain a direct attack on the alleged void decree and the chancellor’s action in denying the motion to dismiss as to the second ground was correct, and any error as to the first ground would therefore be merely harmless.
Turning to the wife’s appeal, it is apparent from the record that no right to attorney’s fees exists as nothing in these proceedings is, in effect, an enforcement of the wife’s separate maintenance award. The foreign decree recognized the validity of the separate maintenance decree and, as far as this record reveals, the husband is abiding by the terms thereof. Therefore, in accordance with Mouyois v. Mouyois, Fla.App.1957, 97 So.2d 718, the wife is not entitled to attorney’s fees in the instant action. However, it is pointed out that there are circumstances which permit a wife to recover attorney’s fees. See: Simpson v. Simpson, Fla.1953, 63 So.2d 764.
Therefore, for the reasons stated above, the order of the chancellor under review in Case No. 64 — 91 be and the same is hereby affirmed, and the order under review in Case No. 64 — 92 is hereby affirmed.
Affirmed as to Case No. 64-91.
Affirmed as to Case No. 64-92.

. “to entitle plaintiff to the equitable relief sought by way of a Declaratory Decree.’