PER CURIAM.
The appellant Alvin J. Pollack obtained a divorce in Mexico from his wife the appellee Evelyn Pollack, and subsequently married another woman. By the present suit filed in Dade County, Evelyn Pollack sought and obtained a decree invalidating her husband’s Mexican divorce and which, in view thereof, duly noted the invalidity of his subsequent marriage. The chancellor awarded a fee to the plaintiff’s attorney, and by this appeal Alvin Pollack seeks reversal of that ruling.
We hold that allowance of the attorney’s fee was unauthorized in this case, on the authority of Kittel v. Kittel, Fla. App.1964, 164 So.2d 833, where this court affirmed disallowance of an attorney’s fee to a plaintiff wife in her suit which invalidated a Mexican divorce obtained by her husband.
The present case was not one brought under Chapter 65 Fla.Stat., F.S.A., relating to divorce and separate maintenance, in which allowance of such fee is provided for by statute. And cases relied on by the appellee, in which a wife has been allowed attorney’s fees in bringing or defending suits for divorce or annulment, or in suits for separate maintenance, are not applicable.
It is established beyond the need for citing the numerous cases so holding that such attorney fees are not to be allowed unless provided for by statute or contract. There are certain exceptions to that rule but a suit by a wife to set aside as invalid a foreign divorce obtained by her husband is not one of them, as this court squarely held in Kittel v. Kittel, supra. We see no need to recede from or overrule our decision on this point in the Kittel case, which approval of the fee allowance in this case would require us to do.
Accordingly summary final decree is reversed as to the award therein for attorney’s fees.
Decree reversed in park