CHARLES CARROLL (Ret.), Associate Judge.
The appellant, Olive C. Thomas, and the appellee, Richard A. Thomas, were married in 1942 in Massachusetts. In August of 1966 Richard moved from Massachusetts to Leon County, Florida, and for two years was a post graduate student in a state university there. During his second year in Florida he obtained a judgment of divorce from Olive, in an action brought by him in the circuit court of Leon County. Olive, against her wishes, had remained in Massachusetts. She was served by publication and did not appear in the divorce action. Shortly thereafter Richard remarried, and later in 1968 he moved back to Massachusetts.
After the Florida divorce judgment, which was entered in the circumstances stated above, instead of relying thereon and filing an action against Richard in Florida for alimony, as she could have done on authority of Pawley v. Pawley, Fla.1950, 46 So.2d 464, Olive sought support from Richard by filing an action against him in Massachusetts after he returned there, based on a claimed continued marital status of the parties. Richard defended, relying on the Florida divorce judgment.
The Massachusetts trial court held the Florida divorce judgment was invalid, for a lack of a domicile there by Richard, and ordered certain support to be paid by him to Olive. Richard appealed, and that judgment was affirmed. See Thomas v. Thomas, Mass.App.1973, 295 N.E.2d 907 (wherein the facts are more fully stated).
Thereafter Richard moved from Massachusetts to Dade County, Florida. He filed a complaint for declaratory judgment in the circuit court of Dade County seeking a declaration as to the validity of the *9 divorce judgment he had obtained in Leon County, Florida.
Olive, again served by publication, filed a motion to dismiss. Her motion was denied. She filed an answer setting up affirmative defenses, including a contention of lack of jurisdiction over the subject matter, and estoppel by judgment based on trial in the Massachusetts court with judgment adverse to Richard on the issue of whether he was domiciled in Florida when he proceeded there for divorce. In support of the latter defense Olive presented the evidence in the Massachusetts case, showing the domicile issue was actually litigated there, and the judgment entered thereon.
The circuit court of Dade County entertained the action for declaratory judgment, and entered a judgment “declaring” the Leon County circuit court divorce judgment was valid.
From that declaratory judgment Olive filed this appeal. She here presents three contentions : that the procedure of declaratory judgment was not proper; that the issue as to domicile was insulated against further trial between the parties, by estop-pel by judgment; and that the court failed to give full faith and credit to the Massachusetts judgment.
We need consider only the first of those contentions, because it is clear under the law of this state that declaratory judgment as provided for in Chapter 86, Fla.Stat., F.S.A. may not be invoked to obtain a ruling as to the validity or invalidity of a final judgment. The divorce judgment in this case presented no ambiguity.. Necessarily inherent in the Leon County divorce judgment was a finding by the court that Richard was a resident of Florida of the kind and for the duration 'required by law to confer jurisdiction for divorce.
The attempt by Richard by a declaratory judgment action to have the circuit court in Dade County make a declaration as to the validity of his Leon County divorce judgment was wholly improper. As an attempt to have the divorce judgment declared invalid (which was not Richard’s purpose) it was a collateral attack on the judgment. As an effort to have the divorce judgment declared to be valid, it was pointless, since it could not add to the judgment. Also it could be said that the declaratory judgment action represented an attempted collateral attack on the Massachusetts judgment.
In deMarigny v. deMarigny, Fla.1949, 43 So.2d 442, the Supreme Court of Florida affirmed an order dismissing an action of that kind brought by Nancy Oakes de-Marigny against her husband and his former wife seeking a declaratory judgment as to the validity of a prior Florida decree by which her husband and his former wife had been divorced. The Court held an action for declaratory judgment (or decree) could not be invoked for such purpose, stating: “Our declaratory decree statute is no substitute for established procedure for review of our final judgments or decrees. Nor is it a device for collateral attack upon them”.
In deMarigny the Supreme Court pointed out that the Florida declaratory judgment statute, in listing the items as to which the rights of a party could be resolved by declaratory judgment (such as statutes, municipal ordinances, contracts, deeds, wills, franchises and the like), did not include judgments and decrees. Further in deMarigny, the Supreme Court said:
“ * * * The principal objective of the legislature in adopting the act providing for declaratory judgments or decrees was to establish a means whereby one might obtain a judicial declaration of rights never before determined but in no sense was it the legislative purpose to enable such person to secure a determination as to whether rights previously adjudicated had been properly resolved.”
In Colby v. Colby, Fla.App.1960, 120 So.2d 797, a district court of appeal held to *10 the same effect, citing and following deMarigny. See also Frix v. Beck, Fla.App.1958, 104 So.2d 81; Stahl v. Wilson, Fla.App.1960, 121 So.2d 662; City of Miami v. Eldredge, Fla.App.1961, 126 So.2d 169; Kittel v. Kittel, Fla.App.1964, 164 So.2d 833.
It appearing from the wording of Chapter 86, Fla.Stat., F.S.A., and under the above cited authorities, that the procedure of declaratory judgment was not available for the purpose for which it was sought to be invoked and used in this instance, it was error for the trial court to proceed therein and to enter a declaratory judgment. The defendant’s motion to dismiss should have been granted. deMarigny v. deMarigny, supra.
Accordingly, the declaratory judgment appealed from is reversed, and the complaint is hereby dismissed.
It is so ordered.