444 So.2d 1110 (1984)
The BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, State of Florida, and Dr. Elton J. Gissendanner, Executive Director of the Department of Natural Resources, State of Florida, Petitioners,
v.
Lee A. RAY and Nancy J. Ray, and the Honorable Charles E. Smith, As Judge of the Circuit Court, 19TH Judicial Circuit, in and for Martin County, Florida, Respondents.
No. 83-950.
District Court of Appeal of Florida, Fourth District.
February 1, 1984.
*1111 Kevin X. Crowley, Tallahassee, for petitioners.
Fred Goldstein, Hollywood, for respondents  Lee A. Ray and Nancy J. Ray.
HERSEY, Judge.
The Board of Trustees of the Internal Improvement Trust Fund (TIIF) filed a petition for writ of common law certiorari or prohibition to prevent Lee A. Ray and Nancy J. Ray from going forward in the trial court or to prohibit the trial court from continuing to entertain jurisdiction in this matter. The procedural history of the conflict involved here is somewhat complicated while the factual background is relatively simple. The primary legal issue involved is whether the administrative process culminating in prior appeals to this court effectively bars the Rays from subsequently litigating in the circuit court (1) the propriety of the administrative procedure followed by the agencies; (2) the Rays' claim to a possessory interest; and (3) the issue of ownership of the submerged land involved here.
We take judicial notice of our own records concerning this matter in our cases numbered 82-546, 82-911 and 82-1777.
The Rays acquired a parcel of land, riparian to Manatee Pocket, which had been improved as a mobile home park and marina. During the course of seeking permits for reconstructing the marina and its piers the Rays were required to obtain a lease of submerged land. They negotiated for and obtained from TIIF a five year Submerged Sovereignty Land Lease in 1977. That lease contained a vaguely worded option to renew which the Rays sought to exercise in 1981. Ultimately a renewal lease subject to certain conditions precedent was offered. Those conditions were not met and the offer expired.
Against that factual background various procedural aspects took shape. At the outset the Rays and the TIIF proceeded administratively to the point where TIIF declined to renew the lease. The Rays appealed directly to this court in Case No. 82-546 by a petition for review of agency action. Advised that notice of appeal was *1112 required to be filed with the agency they did so and that originated our Case No. 82-911, which was consolidated with the first appeal. TIIF next filed suit in circuit court to "shut down" the marina. That litigation was voluntarily dismissed. The Rays next filed a complaint seeking injunctive and other relief. A temporary injunction was granted and TIIF appealed in our Case No. 82-1777.
The appeals numbered 82-546 and 82-911 were subjected to involuntary dismissals by this court. In Case No. 82-1777 we entered an order reversing the "trial court's order of August 11, 1982, which enjoined various state agencies from removing private property from state-owned submerged lands."
TIIF then moved to dismiss a subsequent complaint filed by the Rays in the circuit court, case number 82-859. The motion was based on lack of subject matter jurisdiction and failure to state a cause of action. Denial of that motion (which was a partial denial) is the basis for the present petition for certiorari/prohibition. We have additionally been advised that the Rays have instituted a further suit in the circuit court which we are asked to dispose of instanter. We have not been furnished a copy of the newest complaint.
A threshold question is whether the process of seeking a renewal of the lease of submerged lands comes within the purview of Florida Statutes Chapter 120, the Administrative Procedures Act. We are satisfied that renewal could only be accomplished pursuant to statute and by a rule of the Governor and Cabinet sitting as the TIIF, thus coming within the penumbra of the Act. In addition neither party has strenuously argued to the contrary.
The thrust of the Rays' contentions is that the issues of riparian rights and ownership could not properly be and therefore were not adjudicated in the administrative proceeding. This issue will be addressed later in this opinion. The position of TIIF is that the Rays, having exhausted the administrative process, are precluded from relitigating the same issues in circuit court. Given that oversimplification of the question there can be little disagreement as to its answer. The difficulty comes in defining "same issues" and simultaneously sifting out issues which may appropriately be made the subject of litigation notwithstanding the administrative determination.
In their response to the petition the Rays suggest several alternative bases for denial of the petition. First it is argued that because they were not parties to the administrative proceedings involving renewal of the lease, and because there was no "final agency action," those proceedings were fatally defective and thus constitute no bar to the present action. We deem this peculiar in view of several matters of record indicating participation in the administrative process including a listing on the agenda of the TIIF meeting of July 21, 1981. The suggestion, at this late date, that there was no "final agency action" is, at the very least, an inconsistent position in view of the previous appeal filed here by the Rays for "Review of Final Agency Action." The administrative process was exhausted by the Rays including the ultimate step of review by the district court of appeal. Absent constitutional issues as defined in Key Haven Associated Enter., Inc. v. Bd. of Trustees of Internal Improvement Trust Fund, 427 So.2d 153 (Fla. 1982), the agency action is no longer open to scrutiny. No such issues are involved in this proceeding.
The second basis urged by the Rays for denial of the petition is that they seek a declaration of rights and that the circuit court is the appropriate forum. With this proposition there can be no quarrel, provided that no such declaration may be sought regarding those issues already finally determined in the agency action, except under certain extreme circumstances such as those described in School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 132 (Fla. 1978). As to those there can no longer be any legitimate "doubt."
*1113 Finally we come to the Rays' assertion that neither the existence and extent of riparian rights nor the issue of ownership of the submerged lands have been or could be determined by agency action. While we are quick to agree that, in the context of this case, the issues of riparian rights and ownership are not foreclosed from consideration by virtue of the administrative proceedings, it is not so clear that these issues are properly raised by the complaint or that they may be sustained ultimately. The Rays applied for the lease and for renewal of the lease. This fact, coupled with the act of pursuing the administrative route to termination, is clearly, and perhaps conclusively, inconsistent with any claim of ownership or claim to riparian rights. (On the other hand we recognize that the Rays acted under a certain amount of compulsion since they were required by the Department of Natural Resources to obtain a lease of the submerged lands as a prerequisite to the issuance of a permit to renovate the marina.) Additionally, however, the lease itself, signed on June 20, 1977, by Nancy J. Ray and Lee A. Ray provides:
2. The Lessee, in accepting this lease, does hereby agree that no claim of title or interest to said lands hereinbefore described shall be made by reason of the occupancy or use thereof; that all title and interest to said land hereinbefore described is vested in said Board.
Having pointed out these preliminary difficulties we turn to an examination of the complaint filed in case number 82-859. Count I consists of a statement of facts, including a summary of the entire administrative proceeding, followed by suggestions that (1) the Rays own certain riparian rights; (2) it is uncertain whether the state owns the submerged lands; (3) the TIIF has no authority to lease lands for purposes not set out in specified statutes; and (4) certain contract principles applicable to the facts should afford relief. Count II requests injunctive relief on the basis of the Rays' claim to certain riparian rights. Counts III and IV represent attempts to invoke constitutional principles as a basis for an award of damages. Count V alleges slander of title.
In its present posture this complaint (and the complaint in the new circuit court case if, as we surmise, it similarly mixes oranges and apples) is fatally defective for attempting to relitigate issues foreclosed by the administrative proceeding. This is clearly true of any attempt to revive the lost lease or to attack the propriety of the administrative process. Those issues were put to rest upon our earlier dismissal of the Rays' appeal. That being so, may relief be afforded petitioners here by way of certiorari or prohibition or are respondents procedurally entitled to even more bites at the apple? We conclude that neither certiorari nor prohibition nor any other remedy at this level is presently available. Petitioners' remedy to prevent relitigation of the agency action is by way of raising the affirmative defense of res judicata. Its availability, however, is not jurisdictional and prohibition consequently does not lie. Petitioners' remedy for defending on issues totally without merit or substance is a motion for attorney's fees under Section 57.105, Florida Statutes (1981). In addition, a counterclaim for rent or the fair rental value of the submerged lands for the period the taxpayers of Florida have been ousted of possession by virtue of the existence of the piers would appear to be a potential remedy.
Concluding as we have that neither certiorari nor prohibition are available under the circumstances of this case we deny the petition.
DELL and WALDEN, JJ., concur.