578 So.2d 522 (1991)
John F. DODGE, Appellant/Cross Appellee,
v.
Karen C. DODGE, Appellee/Cross Appellant.
Nos. 90-0588 and 90-1511.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
Sylvan B. Burdick of Burdick & Considine, West Palm Beach, for appellant/cross appellee.
Joseph D. Farish, Jr., and Kenneth J. Miller of Farish, Farish and Romani, West Palm Beach, for appellee/cross appellant.
PER CURIAM.
These are consolidated appeals from orders entered upon the appellee-mother's requests for a change of custody of the parties' minor child and for attorney's fees and costs.
The trial court denied the mother's request for custody but granted her increased visitation rights. The appellant-father claims that the court lacked jurisdiction to change visitation terms where the only relief sought by the mother was a change in custody. We disagree. Trial courts have broad authority to look after the rights of children. Ordinarily, a trial court that is properly considering the custody of a child is also empowered to consider visitation as a necessary component of any custody arrangement. As in this case, a trial court may determine that a change in custody is not warranted, but increased visitation with the noncustodial parent may be. Hence, parties on notice that a change in custody is sought should also be on notice that the court may consider a change in the parties' visitation arrangements.
*523 We also find there is competent substantial evidence to support the trial court's provisions for custody and visitation, as well as a provision for the father to provide child support to the mother when she has custody of the child. The record reflects not only a need for such support, but also a substantial disparity in the abilities of the parties to provide financial support.
Finally, we affirm the award of attorney's fees to the mother, but remand for an evidentiary hearing on the mother's claim for costs. While granting substantial attorney's fees, the trial court refused to grant any costs to the mother. However, the trial court found no ability on the part of the mother to pay fees and costs, and found a substantial ability on the part of the father. While the trial court obviously has authority to determine what costs were reasonable and necessary, we do not believe the blanket denial of the substantial claim for costs can be sustained by the record.
ANSTEAD, POLEN and GARRETT, JJ., concur.