POLEN, Judge,
specially concurring.
Diana E. George, n/k/a Diana E. Morgan, former wife, appeals from a judgment entered in favor of the former husband in post-judgment modification proceedings. The former wife raises three points on appeal: She claims that the trial court abused its discretion when it modified the visitation schedule, when it failed to strike the former husband’s production and testimony related to his alleged financial inability to pay increased support, and when it ordered each party to pay their own attorney’s fees. I concur with the majority’s affirmance on all issues, and write separately primarily to emphasize the propriety of the trial court considering visitation issues when the issues are framed in terms of “custody” or “primary residence.”
Appellant former wife is the primary residential parent of the parties’ two minor children born during their marriage. The trial court entered a final judgment of dissolution of marriage on May 11, 1983. The judgment incorporated a property settlement agreement. Pursuant to the agreement, the former wife was to be the permanent custodial parent of the two children and appellee was to have reasonable visitation rights. In 1986, however, the wife petitioned for modification of child support and the court granted her requested increase. A visitation schedule was also established. The schedule included, in relevant part, that the former husband would have Wednesday evening dinner with the children, as well as alternate weekends and four weeks in the summer divided into two segments. The parties would divide other holiday time equally. Later, in 1987, appellant petitioned the court for permission to move to North Carolina with the children, which the trial court denied and we affirmed the court's decision. See George v. George, 545 So.2d 341 (Fla. 4th DCA 1989) (Walden, J., dissenting).
In 1991, the former wife again petitioned the trial court for modification of the final judgment. She claimed a need of increased child support in the amount of $250.00 per month and alleged that the former husband had the corresponding ability to pay the additional support. The former wife also sought to restrict visitation during the school week, to limit summer visitation to two weeks, and to prohibit the former husband from any consumption of alcohol while transporting the children. The former husband, now remarried, petitioned for a change in custody and child support from the former wife consistent therewith, or, in the alternative, a reduction in his child support obligations. The parties filed a joint pretrial stipulation in which they agreed that the Wednesday night dinner would be amended to Sunday night.
During discovery, the former wife moved to compel production of the former husband’s bank statements of the preceding three (3) years, as well as all cancelled checks drawn by the former husband’s present wife during the preceding three (3) years. The former husband claimed that he lacked sufficient knowledge of this information because his second wife was the one in charge of their financial matters. The second wife sought a protective order, claiming that the purpose of the former wife’s motions to compel was harassment. Appellee former husband then produced one (1) year of bank statements.
On June 4 and 5,1991, during the trial of this matter, the former wife moved to strike the former husband’s affidavit or any other documents (e.g., payrolls) the husband sought to introduce to support his claim of inability to pay increased child support, on the ground that he failed to produce the requested financial information during discovery. The court denied the motion and entered final judgment. The judgment denied the relief the former wife sought in her petition for modification, denied appellee former husband’s counter-petition for change in custody, and increased appellee’s visitation rights. This appeal followed.
Appellant argues the trial court abused its discretion when it modified the former husband’s visitation rights because he did *1255 not plead increased visitation. She also contends there was no proffer that such change was necessitated by a change in circumstances, or that it was ordered in the best interests of the children. The majority has per curiam affirmed as to this point, and I concur. In Dodge v. Dodge, 578 So.2d 522 (Fla. 4th DCA 1991), we wrote:
The appellant father claims that the court lacked jurisdiction to change visitation terms where the only relief sought ... was a change in custody. We disagree. Trial courts have broad authority to look after the rights of children. Ordinarily, a trial court that is properly considering the custody of a child is also empowered to consider visitation as a necessary component of any custody arrangement. ... Hence, parties on notice that a change in custody is sought should also be on notice that the court may consider a change in the parties’ visitation arrangements.
Id. (emphasis added). Furthermore, a change in custody is justified when there is competent, substantial evidence of
1. A substantial or material change in the circumstances of the parties since entry of the original custody and visitation order, and
2. That the welfare of the child will be promoted by a change in custody and visitation.
See Buttermore v. Meyer, 559 So.2d 357, 359 (Fla. 1st DCA 1990). The record contains competent, substantial evidence to support the trial court’s order, to wit, the testimony of the former wife’s expert, a psychologist, and that of the former husband. It is within the trial court’s province to determine the credibility and weight of the evidence presented. Thus, I concur that the trial court acted within its discretion when it ordered the increased visitation.
As to the former wife’s second point on appeal, the trial court did not abuse its discretion when it denied her motion to strike the former husband’s production and testimony regarding his alleged financial inability to pay increased support.
Finally, the former wife contends the trial court abused its discretion when it ordered that each party be responsible for their own attorney’s fees. She claims that the trial court erred when it failed to award her attorney’s fees under section 57.105, Florida Statutes, for defending against the former husband’s counterpetition for change of custody, which she claims was filed in bad faith. I disagree. Attorney’s fees under that section generally are awarded as a remedy for the need to defend on issues devoid of merit in either law or fact. See Board of Trustees of Internal Imp. Trust Fund v. Ray, 444 So.2d 1110 (Fla. 4th DCA 1984). In light of the former husband’s remarriage and other evidence relating to the children’s best interests, the trial court did not abuse its discretion when it denied the former wife’s prayer for attorney’s fees under section 57.105. Moreover, the cause being one for modification, the wife’s need and the husband’s ability to pay attorney’s fees was of primary consideration. See Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989). The record does not demonstrate, and the former wife has not shown, that the trial court’s order constitutes an abuse of discretion. I also note the frequency with which the former wife has instigated litigation. “A party’s financial status should not insulate them from the consequences of their conduct within the judicial system.” Mettler v. Mettler, 569 So.2d 496, 498 (Fla. 4th DCA 1990) (citation omitted).
Accordingly, I join the majority in affirming the final judgment of modification.