762 So.2d 1044 (2000)
DEPARTMENT OF REVENUE, etc., et al., Petitioners,
v.
EASTERN AMERICAN TECHNOLOGIES CORPORATION, et al., Respondents.
No. 5D00-948.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
*1045 Robert A. Butterworth, Attorney General, and Mark T. Aliff, Assistant Attorney General, The Capitol-Tax Section, for Petitioner.
Michael A. Paasch of Mateer & Harbert, P.A., Orlando, for Petitioner Rod Northcutt, C.F.C., Brevard County Tax Collector.
Sean P. Sheppard of Scott & Sheppard, P.A., St. Augustine, for Respondent Eastern American Technologies Corporation.
W. SHARP, J.
Petitioner, the Department of Revenue, seeks a writ of prohibition to require the trial court to dismiss a declaratory judgment action on the ground that the court lacks subject matter jurisdiction over the issues involved, because respondents failed to file actions in court or petitions with the Value Adjustment Board to contest the assessment of ad valorem taxes within sixty days, as mandated by section 194.171(2), Florida Statutes (1999).[1] The Brevard *1046 County Tax Collector, Rod Northcutt, C.F.C., another defendant in the declaratory judgment action, has filed his Joinder in the Petition for Writ of Prohibition. We agree that the trial court lacks jurisdiction to consider issues regarding the validity of the tax assessments and accordingly we issue the writ, as to all issues involving petitioners. See State, Dept. of Rev. v. Ray Construction of Okaloosa County, 667 So.2d 859 (Fla. 1st DCA 1996).
This litigation grows out of a prior appeal to this court,[2] in which this court reversed the trial court and held that the fee interests in properties owned by the Canaveral Port Authority, which were leased to various individuals or businesses for private or non-governmental purposes (respondents here), were not immune or exempt from ad valorem taxation. The Florida Supreme Court approved the decision.
In 1992, the Brevard County Property Appraiser first assessed ad valorem taxes on the fee interests. Some of the respondents filed petitions with the Value Adjustment Board contesting the assessment of taxes. See generally, § 194.011, Fla. Stat. (1999). The Port Authority also filed suit against the taxing authorities contesting the assessments. Respondents were advised that the lawsuit would take the place of the petitions filed with the Value Adjustment Board and they withdrew their petitions. The respondents all have leases from the Port Authority, which contain "pass through" provisions, whereby if taxes are owed on the property, the lessees must pay the Port Authority, as lessor, all such taxes.
After the fifth district's opinion in 1994 became final, the county tax collector sent letters to the respondents in 1995, advising them the 1994 taxes were delinquent and subject to collection procedures. After the Florida Supreme Court approved the fifth district's decision in 1996, the county tax collector, in 1997, demanded payment of the tax assessments for the tax years 1992 through 1997. Pursuant to the "pass through" provisions in the leases, the Port Authority required respondents to pay the taxes, interest and penalties.
As a result, in January 1999, respondents filed this declaratory judgment action, pursuant to Chapter 86, Florida Statutes, contesting the tax assessments for the years 1992 through 1997. They argue it is unclear if the appellate opinions should be given retroactive effect, and they *1047 challenge the petitioners' right to collect interest and penalties on the assessments from them for the same time periods. It is unclear whether some respondents have paid all or part of the back taxes, under protest, but it is clear, that they did not file timely actions contesting the ad valorem assessments for the years 1992 through 1997.
To the extent respondents seek to challenge the validity of the tax assessments in the years 1992 through 1997, they are barred by res judicata. Cf. Board of Trustees of Internal Imp. Trust Fund v. Ray, 444 So.2d 1110 (Fla. 4th DCA 1984). A collateral attack on a judgment in the form of a suit for declaratory relief is not permitted whether the suit is couched in terms of seeking an interpretation of a judgment, or seeking a modification of a judgment. See Thomas v. Thomas, 314 So.2d 8 (Fla. 3d DCA 1975). In effect, the tax validity issues were raised for respondents, in the prior litigation by the Port Authority, the owner of the property and the proper party to contest the assessment. They cannot be raised again.
Further, respondents are also barred by section 194.171 by their failure to contest the yearly assessments within the applicable statutory sixty day periods. See State, Dept. of Rev. v. Ray Constr. These sixty-day periods are jurisdictional, and provide a basis for issuing a writ of prohibition when violated. See State, Dept. of Rev. v. Stafford, 646 So.2d 803 (Fla. 4th DCA 1994).
Respondents argue that the declaratory judgment suit involves issues other than those determined by the prior litigation, such as claims for reimbursement of interest and penalties. With regard to the calculation of interest for delinquent real property taxes, section 197.172(1), Florida Statutes (1999), mandates an interest rate, the application of which by the tax authority is a ministerial duty. This provides no jurisdictional basis for a declaratory judgment suit because there can be no bona fide doubt as to the respondents' rights or obligations. See Bullema v. Losey, 84 So.2d 715 (Fla.1956). Further, the interest and penalties through 1997 were likely incorporated in the final judgment rendered in the circuit court, following remand from the Florida Supreme Court in 1997. The time and method to have challenged those calculations would have been a plenary appeal from that judgment.
Respondents also claim that fees paid to the Port Authority in lieu of taxes for police, fire and emergency services should be setoff against recovery of the tax assessments. Respondents' real problem or source of liability in this case stems from their leases with the Port Authority, which contain the pass-through provisions. Interpretation of the leases may present contractual issues which are proper for resolution by a declaratory judgment action[3] involving solely the Port Authority. If properly raised below, respondents may pursue these matters in this suit. However, counts involving the validity of the tax assessments and ministerial matters, which are inappropriate for a declaratory judgment action, should have been dismissed for lack of subject matter jurisdiction.
Petition for Writ of Prohibition GRANTED in part; DENIED in part.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Section 194.171, Florida Statutes, provides:

(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to s. 193.085(4).
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.
(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5). (emphasis supplied)
[2] Fla. Dept. of Rev. v. Canaveral Port Authority, 642 So.2d 1097 (Fla. 5th DCA 1994), approved, 690 So.2d 1226 (Fla.1996).
[3] See generally § 86.021, Fla. Stat. (1999); Lutz Lake Fern Road Neighborhood Groups, Inc. v. Hillsborough County, 2000 WL 783366, ___ So.2d ___ (Fla. 2d DCA June 21, 2000).