PER CURIAM.
Petitioners seek writs of prohibition from this court, contending that the circuit court lacks jurisdiction to consider the claims of Ernie Mastroianni, Property Appraiser of Duval County. As these petitions raise the identical legal issue, we have consolidated them for this opinion. We have jurisdiction. See Department of Revenue v. Eastern American Technologies, Corp., 762 So.2d 1044 (Fla. 5th DCA 2000); Nikolits v. Ballinger, 736 So.2d 1253 (Fla. 4th DCA 1999); Robbins v. Friedman, 625 So.2d 83 (Fla. 3d DCA 1993); § 194.171(6), Fla. Stat. (2002). We agree with Mastroianni that his circuit court proceedings were timely filed, and deny the petitions.
Primeco challenged Mastroianni’s assessment of its Duval County property and obtained relief from the Value Adjustment Board (VAB) by order of November 26, 2001. The VAB reduced the assessed value of ARC IV, LLC’s property on April 2, 2002. The final recertification of the Du-val County tax roll was made on June 3, 2002. Mastroianni’s circuit court complaint against Primeco was filed June 25, 2002, and the proceeding relating to ARC IV was commenced on June 27, 2002. The defendant taxpayers moved to dismiss, contending that the claims were time barred pursuant to section 194.171(2), Florida Statutes:
No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the ' date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
The circuit court, however, accepted Mastroianni’s argument that the time for filing was controlled by section 193.122(4), which provides:
An appeal of a value adjustment board decision pursuant to s. 194.036(l)(a) or (b) by the property appraiser shall be filed prior to extension of the tax roll under subsection (2) or, if the roll was extended pursuant to s. 197.323, within 30 days of recertification under subsection (3). The roll may be certified by the property appraiser prior to an appeal being filed pursuant to s. 194.036(l)(c), but such appeal shall be *1159 filed within 20 days after receipt of the decision of the department relative to further judicial proceedings.
The circuit court found, and the parties agree that, under these facts, the circuit court filings were untimely under section 194.171(2) but timely under section 193.122(4).
Petitioners argue that section 194.171(2) should be given its plain meaning because it provides that “[n]o action shall be brought....” They also note that section 194.171(2) is the more recent expression of the Florida Legislature, having been last substantively amended in 1983. We find these arguments unpersuasive. Section 193.122(4) sets out the time limits within which the property appraiser may appeal a decision of the VAB pursuant to 194.036(1). By contrast, section 194.036(2) states that “[a]ny taxpayer may bring an action to contest a tax assessment pursuant to s. 194.171” (emphasis supplied). Read in pari materia, 194.171(2) has no bearing on appeals by the property appraiser to the circuit court contesting a decision of the VAB. Instead, it relates to actions by taxpayers to contest tax assessments. This interpretation gives a field of operation to both statutory sections and avoids rendering section 193.122(4) meaningless, a construction which is to be avoided in harmonizing statutes. See Oldham v. Rooks, 361 So.2d 140 (Fla.1978).
The circuit court correctly determined that Mastroianni’s actions were timely and denied the motions to dismiss. Accordingly, the petitions for writ of prohibition are denied.
PETITIONS DENIED.
WEBSTER, DAVIS and VAN NORTWICK, JJ., concur.