TUTER, JACK B., JR., Associate Judge.
The Appellant, Daniel Carey (“Father”), timely appeals an order denying his supplemental petition to modify a final judgment. The parties are parents of fourteen-year-old twins. The Appellee, Michelle Batiste (“Mother”), was awarded primary residence of the children in 2000. Subsequently, the parties have participated in bitter litigation over the children.
In 2010, the Father filed a supplemental petition to modify primary residence and child support obligations. The Father alleged the Mother was interfering with the Father’s relationship and access to the children. The joint pre-trial statement signed by both parties’ attorneys indicated “Relief Claimed": “Former Husband seeks modification of access and finding of contempt. Former Wife seeks finding of contempt and dismissal of petition to modify access. ”
At the hearing on the petition to modify, the following exchange took place during the Father’s testimony:
Father’s Counsel: And your second choice would be that they be allowed to travel to Maine for summer break and Christmas break?
The Father: Yes.
*460 Mother’s Counsel: Your Honor, I’m going to object to that. That’s not what was pled, and therefore that’s something he didn’t ask for. He did not ask there be a modification on the prior order. Father’s Counsel: We asked for modification and access.
The Court: ... the petition requests that the children live with Dad in Maine?
Father’s Counsel: Yes, Your Honor.
The Court: And the proposed timeshar-ing plan also is based on the children living in Maine?
Father’s Counsel: Yes, Your Honor.
The Court: Sustain the objection.
After the hearing, the court entered an order denying the Father’s petition. The order reflects the court spoke with the minor children and that they “want to continue to live with their mother, continue in their school and remain with their friends.” The court found the Mother’s “continuing failure to comply with time-sharing constitutes a substantial change in circumstance.”
On appeal, the Father argues the trial court abused its discretion when it refused to consider the alternative of extended vacations with the Father in lieu of changing the primary residence. The Mother responds that the Father’s petition failed to request the alternative relief. We review orders regarding a petition to modify primary residence for an abuse of discretion. Wade v. Hirschman, 903 So.2d 928, 935 (Fla.2005).
The Father is correct that a trial court considering a change in primary residence may also consider a change in the timesharing arrangement. See Dodge v. Dodge, 578 So.2d 522, 522 (Fla. 4th DCA 1991). We have held that “[ojrdinarily, a trial court that is properly considering the custody of a child is also empowered to consider visitation as a necessary component of any custody arrangement. As in this case, a trial court may determine that a change in custody is not warranted, but increased visitation with the noncustodial parent may be. Hence, parties on notice that a change in custody is sought should also be on notice that the court may consider a change in the parties’ visitation arrangements.” Id. See also George v. George, 600 So.2d 1253, 1255 (Fla. 4th DCA 1992) (Polen, J., specially concurring) (citing Dodge in rejecting mother’s argument that court abused its discretion in awarding father increased visitation in absence of such request in pleading); Vanoy v. Johnson, 459 So.2d 453, 454 (Fla. 5th DCA 1984) (finding father was on notice of possibility of change in mother’s visitation where mother petitioned for change in primary custody).
The trial court erred in refusing to consider the Father’s testimony regarding a change in the timesharing arrangements. Because the Father requested a modification of primary residence, the court had jurisdiction to consider a modification of timesharing and the Mother had notice of that possibility. In fact, the parties’ pretrial stipulation indicated the Father sought a modification of access as a claim for relief.
We reverse and remand for the Court to consider the Father’s request for modification of time-sharing arrangements.

Reversed and remanded.

MAY, C.J., and DAMOORGIAN, J., concur.